TueNtsy, J.,
delivered the opinion of the court:
A motion is made to dismiss the appeal because the bond *557 was not executed within thirty days from the day of the term, at which the judgment was rendered, and appeal prayed and time allowed for the execution of the bond. The bond was executed within thirty days after the adjournment of the term. The motion involved the construction of the Act of 1871, ch. 59, in this language: “In all cases in the inferior courts of this state, wherein an appeal to the supreme court may hereafter be prayed and granted upon the terms now imposed by law, and the party appealing is a resident of another county or state, or is unable, by reason of physical inability, to be present, the court granting said appeal, may, in its discretion, allow the appellant time, in no case exceeding thirty days, in which to give bond, or file the pauper’s oath for the prosecution of said appeal, and such appeal bond approved by the clerk of the court from which the appeal is taken, or the pauper oath filed with said clerk within the time allowed by the court, shall render said appeal as effectual as if done, as now required by law, during the term of the court at which the judgment appealed from was rendered.”
Before the passage of the foregoing statute, circuit and common law courts had not the jurisdiction to extend the time of making bond, or filing the pauper’s oath for appeals, beyond the term of the court at which the appeal was prayed, and during such term they had no power to restrict the time to a shorter period than the whole term. During the term parties appealing had the right, without the discretion of the court, to perfect the appeal by proper bond or oath. Law and universal practice established such rights, and no legislation was necessary to aid it, but legislation was necessary to enable courts to grant the right to be consummated on a day after the adjournment. [The appeal must be prayed for now within thirty days from the judgment or decree, and before the adjournment of the court, but time for perfecting the appeal, by making bond or taking the pauper’s oath, may be extended for thirty days *558 from tbe prayer for, and the grant of the appeal. See Code, secs. 4898, 4899.]
Then we conclude the time intended to be granted must be computed from the day of the adjournment, and not from the time at which it is granted.
This consideration is made manifest by the provision of the act, that the bond or oath is to be filed with the clerk out of term time, and to be as effectual as if done in term time.
If the law is susceptible of another construction, the rights of parties appealing wall, in many cases, be abridged instead of enlarged, as many of our inferior courts have the sessions for many weeks, and often months, when the court might exercise the discretion of requiring parties appealing from judgments rendered at an early day to perfect their appeals in any number of days short of thirty from the date of the judgment, without regard to the continuance of the term of the court for weeks thereafter. [The appeal must be taken now within thirty days from the judgment or decree, but may be perfected within thirty additional days, for satisfactory reasons appearing to the court, when so ordered. See Code, secs. 4898, 4899.]
The motion is disallowed.