JAS. S. SNYDER *v.* W. W. SUMMERS *et als.*

APPEAL. *Motion to dismiss. When too late.* A motion to dismiss an appeal because the bond was not given within the time after the adjournment of the court prescribed by the order granting the appeal, comes too late when made at the fourth term after the record was filed in this court, in the absence of any explanation of the delay.

So of a similar motion made at the third term after the record was filed, upon the ground that the pauper oath, on the taking of which the appeal was granted, although in form, signed by the parties and filed in time, is not accompanied by a certificate showing that it was actually sworn to.

### MOTION TO DISMISS.

E. COOPER for complainant.

WISENER & SON for defendants.

COOPER, J., delivered the opinion of the court.

A preliminary motion has been made in this case to dismiss the appeal, because the appellant had failed to comply with the terms on which the appeal was

granted. The final decree of the court below was rendered on the 16th of September, 1874, and the defendant, W. W. Summers, prayed an appeal, which was granted upon the terms of his giving bond with security as required by law on or before the rule day in November, 1874. The bond was not given, as shown upon its face, until the 7th of December, 1874. The transcript was filed in this court on the 16th of December, 1874, and the motion to dismiss was not made until the present December term, 1878.

There is a conflict in our authorities upon this subject, and it may not be unprofitable to review the decisions, and ascertain as near as may be the extent of disagreement, and the probable reason therefor.

The first case we have in our books was where the bond was given within the time prescribed, but was only for the payment of costs, when it should have been for the debt also. It does not appear when the motion to dismiss was made, but probably at the first term. The motion was sustained, the appeal dismissed, and the cause stricken from the docket. "To give jurisdiction to this court," says McKinney, J., who delivered the opinion, "the record must distinctly show that an appeal was regularly and unconditionally granted; or, if the grant of appeal were upon condition, it must appear that such condition was strictly complied with, otherwise this court cannot entertain jurisdiction of the appeal." "The law," he adds, "permitted no such bond to be taken (as the one given), and its execution, so far as the question of the jurisdiction of this court is involved, must be

regarded as a mere nullity." *Hale* v. *Parmley*, Thomp. Cas., 45; Heisk. Dig., sec. 150.

In *Morris* v. *Smith*, Thomp. Cas., 43, the appeal was also dismissed on motion, it appearing that it was granted upon the execution of a bond within the time limited, and the appellant took the pauper oath. To the same effect is the case of *McPhatridge* v. *Gregg*, 4 Col., 324.

To *Morris* v. *Smith* the reporter adds a note, on the authority of Mr. Heiskell, subsequently the Attorney General and Reporter of the State, to the effect that at the same term, December, 1850, at Nashville, in *White* v. *Henderson*, upon a similar order, the court granted time to the appellant to give security, or, otherwise, take the oath. It was also held that the motion to dismiss might be made at any time before the cause was reached, or any step taken in it. At the same term, in *Brown* v. *Brown*, an order for an account was held to preclude a motion to dismiss for any defect of this character. No particular stress can be laid upon memoranda thus made, the facts on which the rulings were based not appearing. The case of *Morris* v. *Smith* having been dismissed on the appeal, it was again brought before the court by writ of error, upon the pauper oath, taken before the clerk in time, and a bond afterwards given, filed one day over the time. The motion to dismiss was on the ground that the record showed that the appellant was not a person entitled to the benefit of the act for poor persons. But the court held that the duty of the clerk was simply ministerial, to grant the writ of error,

if the oath be taken as prescribed by law, leaving to the opposite party to avail himself by motion, upon notice of the writ of error, of any cause for which the writ might be dismissed. Lyon, Sp. J., who delivered the opinion, adds, that if the court were satisfied that the appellant was not entitled to prosecute his writ of error under the pauper law, still the bond afterwards given would be sufficient to retain the cause. "This court," he says, "has uniformly held that when an insufficient bond for an appeal or writ of error has been taken, it may be amended and a proper bond given. The pauper oath is substituted in the place of a bond and security, and when untrue or defective, may be amended or supplied, as in the case of an insufficient bond." 11 Hum., 133.

In *Davis* v. *Dyer*, 5 Sneed, 679, the appeal was, on motion, dismissed because the pauper oath on which it was granted was taken before a justice of the peace and not in open court, objection having been made at the time on this ground in the court below, and although it was shown that the appellant was too unwell to attend court. But, in *Campbell* v. *Boulton*, 3 Baxter, 354, since the Code, it was held that the pauper oath, to sustain a writ of error, need not be made before the clerk of this court, and might be made before a deputy clerk of the Chancery Court. And in *Wilson* v. *Corry*, 2 Tenn. Leg. Rep., 215, recently decided at Knoxville, where the pauper oath, upon an appeal, was taken before a justice of the peace, the appellant was allowed to perfect his appeal by a new oath taken before the Clerk of the Supreme

Court. In the opinion, reference is made to a similar decision at Jackson, and to the language of Lyon, Special Judge, above quoted from *Morris* v. *Smith*, 11 Hum., 135.

Coming to the very case now before us, we find that the failure to give the bond within the time prescribed was held to be fatal, on motion made at the first term in *Willson* v. *Edwards*, 5 Col., 238. To the same effect in principle, though in an appeal from the Circuit Court, and upon an application for a *mandamus* to compel the clerk to send up the record, is *Ricks, ex parte,* 7 Heis., 364. But in *Tedder* v. *Odom,* 2 Heis., 50, a case like the one before us, where the transcript was filed on the 30th of October, 1867, and the motion to dismiss made at the December term, 1870, the motion was held to be too late. Nicholson, Ch. J., who delivered the opinion, refers to *Gillespie* v. *Goddard,* 1 Heis., 777, as holding "that irregularities in bringing up cases on appeal were waived, unless the motion to dismiss was made at the first term after the filing of the transcript." "Of course," he adds, "this rule would be relaxed upon good cause shown for not making the motion at the first term."

*Gillespie* v. *Goddard* was, however, brought up by writ of error, and the motion to dismiss was sustained, although not made until after the time had expired for suing out a writ of error, it not appearing that the plaintiff in error had given the defendant in error notice of the filing of the writ of error as required by statute. So in *Moody* v. *McNeily*, 3

Heis., 544, the motion to dismiss a writ of error was sustained, although not made until the second term after the filing of the record, no notice of the filing being shown.

I am inclined to think the discrepancy in the cases is owing to the fact that the distinction between an appeal and a writ of error has sometimes been overlooked. In the latter class of cases, notice of the writ of error being required by statute, the appellee may be properly considered as brought into court by the notice, and his right to dismiss within time after such notice has always been recognized, let the consequences to the appellant be what they may. No notice being required in the case of an appeal except such as a compliance with the terms of the appeal would give, it seems to me it would follow logically that if those terms are not complied with the appellee is never in court, and all this court can do is to strike the cause from the docket whenever their attention is called to the fact. A decision of this court upon such an appeal, of which the appellee has no notice prescribed by law, and in which he put in no appearance, would be *coram non judice* and void. To this effect is both the language and the ruling of McKinney, J., in *Hale* v. *Parmley,* first above cited. "If the grant of appeal," he says, "were upon condition, it must appear that such condition was strictly complied with, otherwise this court cannot entertain jurisdiction of the appeal." All the cases where the facts directly raise the point, are in accord down to *Tedder* v. *Odom.* In *Staub* v. *Williams,*

Snyder *v.* Summers.

2 Tenn. Leg. Rep., 183, recently decided at Knoxville, the bond required by the Chancellor was for costs and damages, when it should have been also for the debt. In delivering the opinion of the court, I said: "It is clear that the case is not properly in this court, and ought strictly to be dismissed on motion." I followed, however, what I learned from my brother Judges was the settled practice of the court, and directed the appeal to stand, upon a proper bond being given. A majority of the court adhere to the practice, and think this case should be controlled by the ruling in *Tedder* v. *Odom.* The motion to dismiss must consequently be disallowed. The same rule applies to the motion to dismiss made in *Hix* . v. *Gosling.* There the appeal was prayed and granted upon the appellant giving bond or taking the pauper oath by a given time. The record was filed on the 18th of December, 1875, containing the form of the pauper oath, filed in time, duly signed by the parties, but without any certificate showing that the oath was in fact taken. The motion was made at this December term, 1878. It comes too late, and must be disallowed.