STATE, *ex rel., v.* THOMAS.

(*Knoxville.* September Term, 1903.)

1. **APPEAL. AFFIRMANCE.** Practice of presenting the record for affirmance does not apply where appeal was abandoned in lower court.

The practice of presenting the record for an affirmance does not apply where an appeal was granted on condition that appellant execute an appeal bond, or otherwise comply with the law, and time is allowed in which to file a bill of exceptions, but no attempt was made either to execute bond or take the oath *in lieu* and the record fails to show that a bill of exceptions was filed. In such case the appeal must be treated as having been abandoned, leaving the judgment of the lower court in full force, and rendering it unnecessary to bring the record to this court for an affirmance of said judgment.

Cases cited, approved and distinguished: Furber v. Carter, 2 Sneed, 1; Pyett v. Hatfield, 15 Lea, 473; Spalding v. Kincaid, 1 Tenn. Cas., 31; Morgan v. Hanna's Lessees, 1 Tenn. Cas., 28.

---

FROM KNOX.

---

Record from Circuit Court of Knox County.—Jos. W. SNEED, Judge.

D. D. ANDERSON, for relatrix.

No counsel marked for defendant.

State, ex rel., v. Thomas.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff has filed this record for affirmance of the judgment of the court below.

It appears from the record that a petition for *habeas corpus* was filed by Etta Reed against the defendant to get possession of her child; that the circuit judge rendered a judgment in her favor; that the defendant prayed an appeal, which was granted on condition that he should execute an appeal bond or otherwise comply with the law, and he was allowed ten days in which to file his bill of exceptions. The record fails to show that any bill of exceptions was filed; also that any bond was executed or pauper oath taken, or that any attempt was made to execute either.

These facts show that the appeal was abandoned. In such a case (that is, where the appealing party has failed to file either bond or oath) the judgment of the court below is not suspended, and stands in full force. Hence there is no need of bringing the case to this court for affirmance of the judgment. There is some apparent confusion in our cases upon the subject, but an examination of them will show that in most of them it appears, where a motion was made for affirmance, that the appealing party had either executed a bond or taken the pauper oath in the court below, and had failed to have the transcript filed, and in that way had failed to prosecute his appeal. See *Furber* v. *Carter*, 2 Sneed, 1; *Pyett* v. *Hatfield*, 15 Lea, 473, 475.

In the case of *Spalding* v. *Kincaid,* 1 Shannon's Cas., 31, it does not appear whether bond had been given or not, but, as the statement of facts sets out that an appeal was prayed and granted, we assume that all proper steps were taken in the court below to perfect the appeal, and that nothing was lacking but the filing of the transcript in this court.

In *Morgan* v. *Hannah's Lessee,* 1 Shannon's Cas., 28, it appeared that three tenants in common had been proceeded against in the court below, and that judgment had been rendered against all of them; that all three appealed; and that two of them perfected their appeal by taking the pauper oath, while the third failed either to give bond or to take the oath. The opinion is not reported in the volume referred to, but a mere statement of the judgment that was rendered. It is stated by the reporter that the plaintiff entered a motion to dismiss the appeal, and that this court dismissed the appeal as to the one who had not complied with the law, but decided that the other two were properly in court, and overruled the motion as to them. It is said by the reporter that the clerk entered the judgment generally against the defendant as to whom the appeal had been dismissed, but that the court, on motion, ordered it to be changed, and awarded a procedendo and writ of possession to put the plaintiff in possession, "to the same extent and in the same manner as the same was held by defendant at the commencement of the suit." We have not before us sufficiently the facts in that case to accurately judge of the effect of

State, ex rel., v. Thomas.

that decision as it bears upon the question now before the court.   There was, no doubt, some peculiarity in that case that rendered necessary the awarding of a procedendo and a writ of possession upon dismissal of the appeal.   Probably the distinguishing fact was that the three defendants were tenants in common, and the judgment was entered in the form indicated to negative any presumption that might arise to the effect that the appeal of the two other cotenants operated to the benefit of the third, and thereby to prevent any embarrassment of the title adjudged to the plaintiff in the court below as to the third cotenant.

Recurring to the facts of the present case, we do not think that there was any necessity for bringing the record up to this court to obtain an affirmance of the judgment of the court below; furthermore, that the practice of presenting the record for affirmance does not apply to such a state of facts.

On the grounds stated, the petition will be dismissed.