W. A. ENGLAND et al. v. GEORGE W. YOUNG et al.*

(*Nashville.* December Term, 1926.)

Opinion filed July 15, 1927.

1. APPEALS FROM COURTS OF RECORD. Perfecting. Acts 1885, ch. 65.

The language of the Acts of 1895, chapter 65, is mandatory, providing that appeals shall be prayed and bond executed or oath taken within thirty days, if the court hold so long, otherwise, before adjournment, unless upon application made within that time, an extension is had "but in no case more than thirty days additional." Post, p. 511.)

Citing and explaining: Jones v. Ducktown Sulphur, Copper & Iron Co., 109 Tenn., 375, and authorities there cited; Shannon's Code (all editions), section 4898; Feldman v. Clark, 153 Tenn., 373, 284 S. W., 353; Doris v. Wilson, 85 Tenn., 383; R. R. v. Ray, 124 Tenn., 16, 24; Ellis v. Ellis, 92 Tenn., 471; Acts 1871, ch. 59; McPhatridge v. Gregg, 4 Cold. (44 Tenn.), 321; Andrews v. Page, 49 Tenn., 634; Snyder v. Summers, 69 Tenn., 481; In re Hicks, 34 Tenn., 364.

2. SAME. Same. Same.

Where an appeal is granted and not perfected, after the expiration of the period provided in Acts of 1885, the trial court retains its jurisdiction to the same extent, as if the appeal had been neither prayed nor granted. (Post, 513.)

Citing: Wright v. Dorman, 155 Tenn. —, 291 S. W., 1064.

3. SUPREME COURT PRACTICE. Remand to Court of Appeals.

The court will remand a cause improperly before it to the Court of Appeals, in order that assignments of error there made, and not considered, may be given consideration. (Post, p. 514.)

Citing: Bozeman et al. v. Naff, 155 Tenn., 514, 290 S. W., 981; Watkins v. Sedberry, 155 Tenn., 514, 290 S. W., 970.

---

*Headnotes 1. Appeal and Error, 3 C. J., section 1032; 2. Appeal and Error, 3 C. J., sections 1171, 1253; 3. Appeal and Error, 3 C. J., section 1171; 4. Appeal and Error, 3 C. J., section 1368.

FROM LINCOLN.

Appeal from Chancery Court of Lincoln County to Court of Appeals and by *certiorari* to Supreme Court.— HON. THOS. B. LYTLE, Chancellor.

SAM G. TIGERT, for appellant.

J. W. HOLMAN and GILES L. EVANS, for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This cause comes to this court by writ of *certiorari* heretofore issued to the Court of Appeals, and oral argument has heretofore been heard at the bar of this court.

The original bill was filed by England *et al.* on a promissory note executed for part of the purchase price of real estate, to fix a lien on the real estate to secure payment of the note, and for a decree against the defendants removing their adverse claims to the land in question as clouds upon the title.

In March, 1924, a decree was rendered by the Chancellor sustaining all of the contentions of the complainants, and directing that the land in question be sold to satisfy the judgment rendered against the maker of the note above referred to, unless the judgment should be paid within sixty days.

· This decree contains the following order for an appeal:

"To all of the foregoing findings orders and decrees herein the defendants except and pray an appeal to the

next term of the Supreme Court at Nashville, Tennessee. which is granted and are given thirty days from this date in which to execute and file this appeal bond as prescribed by statute.''

No appeal bond was filed and the transcript was not filed with the clerk of this court, under said order.

Subsequently, the land in question was sold by the Clerk and Master of the Chancery Court, and his report was prepared and filed. Exceptions to this report were filed by the defendants, which were overruled by the Chancellor; and thereupon, at the September term, 1924, of the Chancery Court the report of the Clerk and Master was confirmed, and a decree was entered divesting title to said real estate out of all the defendants and vesting same in the purchaser at the Clerk and Master's sale. From this decree the defendants prayed and were granted a broad appeal to the Court of Appeals.

The Court of Appeals was of the opinion that the appeals held that all proceedings in the Chancery Court subfective to transfer jurisdiction of the cause to the Supreme Court, from the date of its entry, since the order granting the appeal was unconditional in its terms, notwithstanding no appeal bond, or oath in lieu thereof, was ever made or filed. On this premise the Court of Appeals held that all proceedings in the chancery court subsequent to the decree of March, 1924, were *coram non judice,* and, therefore, void. The appeal of the defendants to that court was accordingly sustained, on the theory that interested parties may appeal from a void decree. The decree of the Court of Appeals directed that all decrees of the Chancery Court and proceedings therein subsequent to the decree of March, 1924, be reversed and set aside.

The conclusions of the Court of Appeals were based upon the opinion of this court in *Jones* v. *Ducktown Sulphur, Copper & Iron Co.*, 109 Tenn., 375. That case was an appeal in the nature of a writ of error from the judgment of a Circuit Court. The defendants in error moved to dismiss the appeal on the ground that the plaintiffs in error had taken and caused to be filed their several oaths for appeal after the expiration of the time granted by the Circuit Judge. The court found the facts in favor of the motion, that the oaths made in lieu of appeal bonds were filed by the clerk of the trial court after the expiration for the thirty days allowed by the Circuit Judge, and held that the result "probably would be that the oath was a nullity." The court then said:

"But this can be of no practical benefit to the defendants, because the plaintiffs may still perfect their several appeals by taking the pauper oath or giving bond here (*Wilson* v. *Corry*, 1 Lea, 391; *Mowry* v. *Davenport*, 6 Lea, 83; *Adamson* v. *Hurt*, 3 Tenn. Cas., 424), or may file the record for error on the pauper oath (*Campbell* v. *Boulton*, 3 Baxt., 354). So, while the motion to dismiss must be granted unless the proper steps, as above indicated, be taken, leave will be given the plaintiffs to perfect the appeal by taking those steps within a reasonable time, to be fixed by an order on the minutes of the court."

The three cases cited by the court in the foregoing quotation, in support of the proposition that "the plaintiffs may still perfect their several appeals by taking the pauper oath or giving bond here," were all decided prior to the Act of 1885, Chapter 65, carried into Shannon's Code (all editions) as Section 4898. This statute was not referred to by the court, and does not appear to have been called to the court's attention.

The statute of 1885, Chapter 65, is copied in full in the recent opinion of this court in *Feldman v. Clark*, 153 Tenn., 373, 284 S. W., 353. It provides, both with reference to appeals and appeals in the nature of a writ of error, that "the appeal shall be prayed for and appeal bond shall be executed or the pauper oath taken within thirty days from the judgment or decree, if the court hold so long, otherwise before the adjournment of the court." It is further provided that, upon application made within the thirty days, the court may extend the time, "but in no case more than thirty days additional."

Prior to 1871, there was no statute limiting the time which the Chancellor might grant for the perfecting of an appeal by filing an appeal bond, or by taking and filing the pauper's oath in lieu thereof, and the practice had arisen, "reluctantly acquiesced in by this court," of permitting the clerk and master to take and approve an appeal bond, or file a pauper's oath in lieu thereof, after the adjournment of the term, when authorized to do so by an order of the Chancellor. *Railroad v. Ray*, 124 Tenn., 16, 24; *McPhatridge v. Gregg*, 4 Cold. (44 Tenn.), 321; *Andrews v. Page*, 49 Tenn., 634; *Snyder v. Summers*, 69 Tenn., 481. But this practice was not permitted in the circuit courts. *In re Ricks*, 34 Tenn., 364.

The first statutory regulation of the time within which an appeal bond could be filed was Chapter 39 of the Acts of 1871. This statute authorized the judge of any inferior court to allow the appellant time within which to file his appeal bond or pauper's oath, "in no case exceeding thirty days," but this extension of time could only be awarded by the terms of that statute when "the party appealing is a resident of another county or State, or is unable by reason of physical inability to be present."

In *Davis* v. *Wilson,* 85 Tenn., 383, this court construed that statute to withhold from the Chancellor the discretionary power he had previously exercised to permit the filing of an appeal bond or pauper's oath after the adjournment of the term at which the appeal was granted, to any appellants except those coming within the terms of the act; to-wit, "residents of another county or State, or (who) is unable by reason of physical inability to be present."

The Act of 1871, chapter 59, was repealed by implication by the Act of 1885, Chapter 65, as held by this court in *Railroad* v. *Ray,* 124 Tenn., 16, 24-25. In that case the court held that the Act of 1871, Chapter 59, was passed "to make the rule uniform in both Circuit and Chancery Courts;" and that the Act of 1885, Chapter 65, was put upon the statute books in lieu of the earlier act because the construction given to it in *Jackson* v. *McDonald,* 2 Shan. Cas., 556, resulted in frequent and injurious delays in the prosecution of appeals.

The language of the Act of 1885, Chapter 65, is mandatory, and cannot be given any meaning other than the language plainly expresses; that is, that the trial judge or Chancellor cannot permit the filing of an appeal bond, or pauper's oath in lieu thereof, except within sixty days from the entry of the judgment or decree from which the appeal is granted; the date of the entry of the judgment to be computed according to the holding in *Ellis* v. *Ellis,* 92 Tenn., 471; *Railroad* v. *Ray,* 124 Tenn., 16, and *Feldman* v. *Clark,* 153 Tenn., 373, whenever the judgment is actually entered prior to the disposition of a motion for a new trial, or motion in arrest of judgment, or other motions of like nature.

We do not think that this court could receive from the appellant and permit to be filed an appeal bond, or an

oath in lieu thereof, after the expiration of the period beyond which the trial judge or Chancellor is prohibited by statute from permitting such bond or oath to be filed. We do not, however, have under consideration an effort to amend or correct a defective bond or oath filed within the statutory period. To such a case other principles would be applicable.

We think that the court, in *Jones* v. *Bucktown Sulphur, Copper & Iron Company,* supra, had in mind that the record was in such condition that the merits of the case could be reached upon the filing of the record by the plaintiffs in error for writs of error, supported by the pauper oath, and that the reference therein to the filing of the oath or bond in the Supreme Court in aid of the appeal was an inadvertence.

In *State ex rel.* v. *Thomas,* 111 Tenn., 384, the order of the trial court granting an appeal recited that it was granted on condition that the appellant should execute an appeal bond, or otherwise comply with the law. No appeal bond or pauper oath was filed. The appellee filed the record in the Supreme Court for affirmance of the judgment. This court held that, under the facts stated, an order of affirmance was unnecessary; that the appeal was abandoned, and that the judgment of the court below was not suspended but stood in full force.

We are not able to see any distinction between an order granting an appeal upon condition that the bond or oath be filed as required by law, and an order granting an appeal without such condition. In either case the statute supplies the condition and must be complied with. The statute is no more applicable when the condition is expressed in the judgment or decree than when it is not referred to. In the latter case the condition expressed

in the statute is read into and is an effective part of the judgment or decree.

It was so recognized by this court in the recent case of *Wright* v. *Dorman,* 155 Tenn., ——, 291 S. W. 1064. In that case an appeal from a final decree was prayed and granted, and thirty days were allowed within which to execute an appeal bond. Within the thirty-day period the appellants filed a motion for a new trial, which was treated as a petition for rehearing. No appeal bond was filed. This petition was sustained by the Chancellor and a new hearing was awarded. On a subsequent appeal to this court it was contended that the Chancellor was without jurisdiction of the cause after he had granted the appeal, as above stated. This court held otherwise, and said:

"This assignment of error must be overruled. While an appeal was prayed and granted in the decree of July 13, 1923, and thirty days allowed in which to make bond, no bond was ever made, the appeal was not perfected, and the case remained in the Chancery Court. The power of the court over the judgment, no appeal having been perfected, did not expire for thirty days from the rendition thereof."

The present cause is clearly ruled by *Wright* v. *Dorman,* supra, and we conclude that the appeal prayed by the defendants from the decree of the Chancellor rendered in March, 1924, which was not followed by the filing of a bond or oath, was not perfected, and that, after the expiration of the thirty days, the Chancellor retained jurisdiction of the cause, to the same extent as if the appeal had been neither prayed nor granted.

The Court of Appeals did not consider the several assignments of error made by the defendants in support

of the appeal from the decree rendered at the September term, 1924, of the Chancery Court, basing its decree solely upon the holding that the Chancellor's decree of March, 1924, and the proceedings prior thereto, were before this court for review, and that, on that account, the subsequent proceedings in the Chancellor Court were void.

Our conclusion that no part of the cause was pending in this court makes it necessary that we remand the cause to the Court of Appeals, in order that the assignments of error there made may be given consideration. *Bozeman et al.* v. *Naff,* 155 Tenn., —, 290 S. W., 981; *Watkins* v. *Sedberry,* 155 Tenn., ——, 290 S. W., 970.

We express no opinion upon the question argued at the bar of this court whether the Chancellor's decree of March, 1924, was a final decree, from which an appeal might have been prayed as a matter of right, or an interlocutory decree, from which an appeal lay only in the discretion of the Chancellor.