W. F. LEE, Admr., etc. v. O. R. SANDERS.

Middle Section. December 10, 1927.

Camp & Butler, of Sparta, for Lee.
P. F. Wilbanks, of Sparta, for Sanders.

FAW, P. J. It appears from the transcript of the record under the above style filed in this court that W. F. Lee, as administrator of the estate of Charles B. Lee, deceased, sued O. R. Sanders, in the circuit court of White county, for $10,000 as damages, and alleged in his declaration ''that the defendant, on the — day of May, 1922, in the county and State aforesaid, did unlawfully shoot, wound, kill and murder plaintiff's said intestate who was a resident citizen of said county, twenty-four years of age, a man sound mentally and physically, all against the peace and to plaintiff's damage as aforesaid.''

At the time he brought his suit plaintiff obtained an ancillary attachment which was levied on certain personalty and realty as the property of the defendant.

Pursuant to proceedings had in the cause the circuit court quashed and discharged the attachment, to which action of the court the plaintiff excepted. Thereafter, the case was tried before a jury on the issues made by the defendant's plea of not guilty to the plaintiff's declaration, and the jury found the issues in favor of the plaintiff and assessed his damages at $500. A motion for a new trial on behalf of defendant was overruled and judgment was entered for plaintiff and against defendant for $500 and the costs of the cause.

Both parties appealed. The appeals were granted on February 5, 1927, by an order entered on the minutes of the circuit court, as follows:

"To the foregoing action of the court in overruling his motions for new trial and in arrest of judgment and in rendering judgment against him, defendant excepted at the time and now excepts and prays an appeal to the next term of the Court of Appeals at Nashville, which to him is granted upon his giving bond as the law requires, or otherwise complying with the law in such cases made and provided, and for satisfactory reasons appearing to the court is allowed sixty days in which to perfect his appeal by preparing and having signed and filed his bill of exceptions and otherwise complying with the law.

"Plaintiff renewed his exceptions to the action of the court adverse to him on several motions recited in the beginning and in quashing and discharging the attachment herein and prays an appeal to the next term of the Court of Appeals at Nashville from such adverse holdings of the court which to him is granted and, for satisfactory reasons he is allowed sixty days also in which to perfect such appeal by giving bond and preparing and having signed such bill of exceptions as may be necessary."

The plaintiff, W. F. Lee, administrator, filed an appeal bond on March 9, 1927, and the defendant O. R. Sanders filed the oath for poor persons in lieu of bond on March 12, 1927.

The date of the final adjournment of the term does not appear from the transcript of the record filed in this court, but White county is included in the Fifth Judicial Circuit, and the governing statute fixes the first Monday in February as the day for the opening of the regular term of the circuit court of another county (Cumberland) of the same circuit. February 5, 1927, fell on Saturday, and was, therefore, of necessity, the last day of the term of the White county circuit court at which this case was tried and appealed, as the court was due to open in Cumberland county on the following Monday, February 7th. See Shan. Code, section 137.

It is seen that the plaintiff's appeal bond and the defendant's oath were not filed until after the lapse of more than thirty days from the adjournment of the term at which the appeals were granted. This was too late, and the appeals were not perfected.

Chapter 64 of the Acts of 1885 is entitled "An Act to regulate the time of perfecting appeals," and provides:

"That hereafter when an appeal or an appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the Supreme Court, the appeal shall be prayed for and appeal bond shall be executed or the pauper oath taken within thirty days from the judgment or decree, if the court holds so long, otherwise before the adjournment of the court, but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty days, the court may

extend the time to give bond or take the oath in term or after adjournment of the court; but in no case more than thirty days additional."

By the plain terms of the statute just quoted, an appellant must, in the absence of a grant by the court of "additional" time, "give bond or take the oath" before the adjournment of the term, if (as in the instant case) the term does not continue for as much as thirty days after the final judgment or decree. We have interpolated the word "final" into the statute as qualifying "judgment or decree" by virtue of the construction placed upon this statute in the case of Railroad v. Ray, 124 Tenn., 16, 28, 134 S. W., 858, reaffirmed in the recent opinion of our Supreme Court (July 15, 1927), speaking through Mr. Justice Swiggart, in the case of England v. Young, 155 Tenn., 506, 296 S. W., 14.

In the case at bar the order before us purports to grant to each of the appellants sixty days in which to perfect their respective appeals. Inasmuch as the final judgment was entered on the last day of the term, this was an attempted grant of sixty days "additional" time in which to "give bond or take the oath," and was thirty days more than the court had power to grant.

In the course of the opinion in England v. Young, supra, it is said:
"The language of Acts 1885, c. 65, is mandatory, and cannot be given any meaning other than the language plainly expresses; that is, that the trial judge or Chancellor cannot permit the filing of an appeal bond, or pauper's oath in lieu thereof, except within sixty days from the entry of the judgment or decree from which the appeal is granted."

Reading the above-quoted excerpt in connection with the remainder of the opinion, and in view of the question for decision as presented by the facts of that case, we think that, in the statement last above quoted, the court intended to be understood as saying merely that the trial court could not in any case extend the appellant's time in which to give bond or take the oath to more than sixty days from the entry of the judgment or decree from which the appeal is granted, and did not intend to be understood as holding that in all cases the court had power to grant sixty days from the entry of such judgment or decree. The court was there dealing with a case where the trial court had granted an unconditional appeal and had given the appellants thirty days from the date of the decree in which to execute and file their appeal bond, but no bond had been filed. The question for decision was, whether, upon the facts stated, the chancery court was divested of jurisdiction, and the appellate court acquired jurisdiction, of the case. It was held that, by virtue of the Act of 1885, chap. 65, supra, all appeals are conditional, and unless the appeal is seasonably perfected the trial court does not lose jurisdiction of the case. Upon this point the court said:

"We are not able to see any distinction between an order granting an appeal upon condition that the bond or oath be filed as required by law, and an order granting an appeal without such condition. In either case the statute supplies the condition and must be complied with. The statute is no more applicable when the condition is expressed in the judgment or decree than when it is not referred to. In the latter case the condition expressed in the statute is read into and is an effective part of the judgment or decree."

We are of the opinion, in the instance now before us, that the trial court was without power to grant more than thirty days "additional," that is, thirty days beyond the adjournment of the term, in which the appellants might "give bond or take the oath."

It results that the appeals were not perfected and this court has not acquired jurisdiction. An order will therefore be entered striking the case from the docket of this court.

As each of the parties attempted to bring up the cause, the costs will be equally divided between the plaintiff and the defendant and taxed accordingly, by virtue of section 4957, Shan. Code, which provides that:

"Where a suit is dismissed from any court for want of jurisdiction, or because it has not been regularly transferred from an inferior to a superior court, the costs shall be adjudged against the party attempting to institute or bring up the cause."

Crownover and DeWitt, JJ., concur.