E. J. FRAZIER *v.* BIDDLE AUTO CO.

(*Knoxville,* September Term, 1917.)

JUSTICES OF THE PEACE.    Appeal to circuit court.    Amendment of appeal bond. Statute.

Shannon's Code, section 4595, provides that in appeals from justices of the peace the circuit court shall supply any defect in the proceedings of the inferior jurisdiction. Section 5989 provides that no civil case originating before a justice shall be dismissed on appeal for informality, and the court shall allow all amendments in the form of action, etc. necessary. Section 4583 provides that no summons, writ, pleading, etc. or other proceeding in any civil action in any court shall be abated or quashed for any defect or imperfection. Section 4871 provides for an appeal from the judgment of a justice within two days to the next circuit court, and section 4872 provides that before the appeal is granted appellant shall give bond. *Held,* that a circuit judge on appeal shall from a judgment of a justice may allow amendment of an appeal bond not complying with the statute, or permit the substitution of a new one.

Cases cited and approved: Gilbert v. Driver, 40 Tenn., 463; Park v. Bybee, 60 Tenn., 267; Howard v. Long, 71 Tenn., 207; Staub v. Williams, 69 Tenn., 36; Wilson v. Corry, 69 Tenn., 391; Croft v. Bailey, 69 Tenn., 369; Railroad v. Hinds, 134 Tenn., 345; Jones v. Ducktown Co., 109 Tenn., 382; Catlett v. Brodie, 9 Wheat (22 U. S.) 555.

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the

Court of Civil Appeals from the Supreme Court.—Von A. Huffaker, Judge.

Walter H. Anderson, for appellant.

A. J. Graves, L. D. Smith and Roscoe Word, for appellee.

Mr. Evans, Special Judge, delivered the opinion of the Court.

This was an action for damages for breach of contract brought by E. J. Frazier against J. B. Dooley, C. L. Dooley, and J. C. Biddle, doing business as the Biddle Auto Company, before a justice of the peace in Knox county, where judgment was entered in favor of plaintiff below. On the next day the defendants below attempted to execute an appeal bond which was signed "Biddle Auto Co., J. B. Dooley, C. L. Dooley, and J. C. Biddle," and at the same time prayed an appeal to the next term of the circuit court. This bond was approved by the justice, and the appeal granted.

Thereafter, in the circuit court, plaintiff below moved to dismiss the appeal upon the ground that a proper appeal bond had not been filed, since it contained no sureties, and that, as a matter of law, the case was not properly in the circuit court. This motion was sustained, and the suit dismissed, but, upon application, the order of dismissal was set aside, and the defendants allowed to amend the appeal bond so as to add proper sureties and make the same conform to law. Upon a subsequent day the defendants below

moved the court to require plaintiff himself to exe-
cute a prosecution bond, which motion was granted,
but plaintiff declined to comply, standing upon his
insistence that the appeal bond could not be amended,
and that the cause was not properly in the circuit
court. Plaintiff's suit was thereupon dismissed at
his costs, which judgment was affirmed by the court
of civil appeals and the case is here upon the writ of
*certiorari.*

The exact question presented by this record is
whether a circuit judge may allow an amendment of
an appeal bond which does not comply with the statute,
or permit the substitution of a new one instead of the
old and defective obligation.

We have been referred to no case in Tennessee
directly, deciding this question, as applied to the char-
acter of bond which is required by our statutes to be
made in an appeal from a magistrate's court.

The sections of Shannon's Code applicable to the
case are as follows:

"4871. Any person dissatisfied with the judgment
of a justice of the peace, mayor, or recorder, in a
civil action, may, within two entire days thereafter.
Sundays exclusive, appeal to the next circuit court.

"4872. Before the appeal is granted, the person
appealing shall give bond with good security, as here-
inafter provided, for the prosecution of the appeal."

It is insisted with much earnestness by the plaintiff
in error that before an appeal may be granted by a
magistrate a "bond with good security" shall be

given, and that in the present case no security at all was given, and therefore the case was not properly in the circuit court upon such a bond, even though the magistrate accepted it and granted the appeal.

It has been held that, under the first section above quoted, a justice has no jurisdiction to grant an appeal after the expiration of two entire days from the date of the judgment, Sundays excluded. *Gilbert* v. *Driver,* 40 Tenn. (3 Head), 463; *Park* v. *Bybee,* 60 Tenn. (1 Baxt.), 267; *Howard* v. *Long,* 71 Tenn. (3 Lea), 207.

With reference to defects in proceedings originating in a magistrate's court, however, and the allowance of amendments thereto, we have several statutes in Tennessee

Two sections of Shannon's Code are as follows:

"Sec. 4595. In appeals from justices of the peace, the circuit court shall supply any defect in the proceedings of the inferior jurisdiction, as though the suit had been commenced in the circuit court."

"Sec. 5989. No civil case, originating before a justice of the peace and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of acion, necessary to reach the merits, upon such terms as may be deemed just and proper."

Again, section 4583 of Shannon's Code is as follows:

"No summons, writ, pleading, process, return, or other proceedings in any civil action in any court, shall be abated or quashed for any defect, omission, or imperfection."

In our opinion, the above-quoted statutes apply to the case here under consideration, and were authority for the action of the circuit judge in allowing an amendment of the bond to be made.

This court has held in several cases that upon an appeal from an inferior court to the supreme court of Tennessee a defective appeal bond may be amended in the supreme court. *Staub* v. *Williams,* 69 Tenn. (1 Lea), 36.; *Wilson* v. *Corry,* 69 Tenn. (1 Lea), 391; *Croft* v. *Bailey,* 69 Tenn. (1 Lea), 369. See, also, *Railroad* v. *Hinds,* 134 Tenn., 345, 183 S. W., 985, L. R. A., 1916E, 420; *Jones* v. *Ducktown Co.,* 109 Tenn., 382, 71 S. W., 821. There are also cases from other States to the same effect. 3 Corpus Juris, 1185, and cases cited. And this seems to be the practice in the supreme court of the United States. *Catlett* v. *Brodie.* 9 Wheat. (22 U. S.), 555, 6 L. Ed., 158.

We are of the opinion that the circuit judge was correct in permitting this amendment, and the judgment of the court of civil appeals so holding is affirmed.