T. G. WATKINS, TRUSTEE, v. J. H. SEDBERRY et al.*

(*Nashville.* December Term, 1926.)

Opinion filed, February 26, 1927.

1. APPEAL. As a remedy.

The remedy by appeal which was unknown to the common law did not lie from the law courts, but was employed for the review of causes in equity, ecclesiastical and maritime jurisdiction. (Post, p. 150.)

Citing: Chattanooga v. Keith, 115 Tenn., 589; 3. C. J., 299.

2. SAME. Chancery causes.

Our statute was intended to preserve the right of review de novo in chancery causes, especially after chapter 31, Acts 1819, and chapter 49, Acts 1831. Appeals from the decree of the chancery court opened the cause for review de novo in the appellate court. (Post, p. 150.)

Citing: Shannon's Code, sec. 4887.

Citing: Maskall v. Maskall, 3 Sneed, 208; Turley v. Turley, 85 Tenn., 251.

3. APPEAL AT LAW. Motion for new trial.

At law, an appeal invites review and reversal only for error manifest and apparent on the face of the record. In order to review law causes or causes heard contrary to the forms of chancery, a motion for a new trial is required. Post, p. 150.)

Citing: Gaut v. Wimberly, 99 Tenn., 496; Guaranty, etc., Society v. Ford, 104 Tenn., 533; Railroad v. Johnson, 114 Tenn., 632.

4. APPEAL AT LAW AND IN EQUITY. Construction, chapter 119, Acts 1917. Distinction.

It was not the legislative intent by indirection through chapter 119, Acts 1917, to destroy the long recognized distinction between appeals from a law court and appeals from the chancery court in causes tried according to the forms of chancery. (Post, p. 151.)

Citing: Willis v. Moore, 151 Tenn., 567.

5. **SAME. Same. Same. Oral testimony.**

The Act of 1917, chapter 119, authorizing the introduction of oral testimony by consent of counsel in chancery cases was not intended to limit the scope of hearing on appeal. Said act permits the hearing of causes upon oral evidence, introduced by consent to be preserved by bill of exceptions, instead of upon written testimony. (Post, p. 152.)

Citing: H. C. Codman Co. v. Hudson, Ms., Nov., 1925; Beatty v. Schenck, 127 Tenn., 63; Hardin v. Stanley, 3 Yer., 381; Choate v. Sewell, 142 Tenn., 487.

---

*Headnotes 1. Receivers, 34 Cyc., p. 459; 2. Appeal and Error, 3 C. J., section 851 (Anno); 4 C. J., section 2552; 3. Appeal and Error, 4 C. J., section 2566; 4. Appeal and Error, 3 C. J., sections 849, 850; 5. Appeal and Error, 4 C. J., section 2566; 6. Appeal and Error, 4 C. J., section 2651 (Anno).

## FROM WILLIAMSON.

Appeal from the Chancery Court of Williamson County to Court of Appeals and by Certiorari to Supreme Court.—Hon. J. C. HOBBS, Judge, Ex-officio Chancellor.

JORDAN STOKES, JR., J. R. WEST and R. H. CROCKETT, for plaintiff in error.

J C. EGGLESTON, AVERY HANDLEY and NORMAN FARRELL, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Exceptions to the report of the receivers raised questions of fact determinable upon proof before the Chancellor. At the hearing oral testimony was introduced, by consent in writing, under chapter 119, Acts of 1917. A broad appeal was prayed and granted from the de-

cree of the Chancellor, and the cause was carried to the Court of Appeals, and errors assigned therein. The court was of opinion that appellant's assignments of error were not open to review because of their failure to raise the questions by motion for a new trial in the Chancery Court. The cause is here for review upon *certiorari* to the Court of Appeals.

Section 4887 of Shannon's Code provides:

"Either party dissatisfied with the judgment or decree of the Circuit or Chancery Court, in a matter of equity tried according to the forms of the chancery court, may appeal to the Supreme Court, and have a reexamination, in that court, of the whole matter of law and fact appearing in the record."

The remedy by appeal which was unknown to the common law, did not lie from the law courts, but was employed for the review of causes in equity, ecclesiastical and maritime jurisdiction. *Chattanooga* v. *Keith,* 115 Tenn., 589, 3 C. J., 299.

Our Statute, Section 4887, supra, was intended to preserve the right of review *de novo* in chancery causes. Throughout the history of our jurisprudence, especially after Chapter 31, Acts of 1819, Chapter 49, Acts 1831, appeals from the decree of the Chancery Court opened the cause for review *de novo* in the appellate court.

In *Turley* v. *Turley,* 85 Tenn., 251, it is said the appeal brings up the cause for review according to the well-known and well-established course of practice and procedure in Chancery Courts. A contrary rule prevails in law causes. There the appeal invites review and reversal only for error manifest and apparent on the face of the record. *Gaut* v. *Wimberly,* 99 Tenn., 496; *Guaranty, etc., Society* v. *Ford,* 104 Tenn., 533. In order to review law causes or causes heard contrary to

the forms of Chancery, a motion for a new trial is required.

In *Railroad* v. *Johnson,* 114 Tenn., 632, the court quoted with approval from Elliott on Practice at page 638, as follows:

"A motion for a new trial is an application made in a trial court for a retrial of the issue or issues of fact. It is a direct, and not a collateral, motion, and ordinarily its office is to specifically direct the attention of the court to errors committed during the trial, and to get the questions into the record and have them corrected by a new trial, or to thus correct a verdict or finding which is contrary to law or the evidence. It is necessary, as a general rule, in order to present upon appeal questions as to errors of law occurring at the trial which cannot be independently assigned in an appellate court, and generally to present any matter that does not appear in the record proper."

The practice preliminary to appeal in the nature of a writ of error from the law courts has never been regarded by either the bench or bar of the State as extending to causes in equity or causes cognizable in the Chancery Courts of the State tried according to the forms of Chancery. Upon consideration of our decisions and Statutes, we are unable to conclude that the legislature intended by indirection through Chapter 119, Acts of 1917, to destroy the long recognized distinction between appeals from a law court and appeals from the Chancery Court in causes tried according to the forms of Chancery. In this connection the reasoning in *Willis* v. *Moore,* 151 Tenn., 567, is applicable.

"This court judicially knows that the right of appeal and review *de novo* has been a determining factor in the selection by counsel in this State of the forum for

litigation, and that today many causes are pending in the Chancery Court brought in that court with this long recognized right in contemplation. Among the maxims compiled by Broom is *cursus curle est lex curle*—'the practice of the court is the law of the court'—and the learned author thus comments:

" 'Where a practice has existed it is convenient, except in cases of extreme urgency and necessity, to adhere to it, because it is the practice, even though no reason can be assigned for it; for an inveterate practice in the law generally stands upon principles that are founded in justice and convenience.' . . .

"The right to a trial *de novo* in this court on appeal from the Chancery Court did not originate with the Code, Section 3155 (Shannon's Code, Section 4887, above quoted), nor with the Act of 1831, Chapter 49, Section 1. It was said in *Maskall* v. *Maskall*, 3 Sneed, 208, decided in 1855, that—'By the Act of 1819, Chapter 31, it is provided that if an appeal is taken from the Chancery to the Supreme Court, the cause shall be tried as if it had originally commenced in the Supreme Court' —that is, *de novo.*"

To give the Act of 1917 the effect of changing by its indirect operation the whole course of procedure in the Chancery Court would destroy the purpose for which the Act was passed. It was evidently intended by this Act to expedite trial of causes in the Chancery Court by permitting the parties by consent to introduce one or all of their witnesses orally. Looking to the Act we cannot find that it bears any relation to procedure in the appellate court, where under Section 4887, Shannon's Code, the reviewing court is not only given the right but is charged with the duty of trying the questions of fact *de novo*. With better reason it might be said the

Act of 1917 amends the Statutes embodied in Section 6272 of Shannon's Code, so as to permit the hearing of causes upon oral evidence introduced by consent instead of upon written testimony.   Such à conclusion would be more in accord with the apparent intention of the legislature than to say that the Act was intended to limit the scope of hearing on appeal.

In *H. C. Codman Co.* v. *Hudson,* Ms. Nov., 1925, referred to by the Court of Appeals, the refusal of the Court of Appeals to review the facts was sustained and writ of *certiorari* denied because the oral evidence introduced in the court was not preserved by bill of exceptions filed as required by law.

*Beatty* v. *Schenck,* 127 Tenn., 63, decided before the Act of 1917, was a jury case in the Chancery Court, and upon appeal the court said the finding by the Chancellor sitting as a jury was entitled to the same weight as the verdict of a jury.   It was said in that case the introduction of oral evidence was a departure from the forms of Chancery and the cause was not for that reason open for review *de novo.*   Then the Statute required the introduction of testimony in the Chancery Courts to be in writing.   *Hardin* v. *Stanley,* 3 Yer., 381.

After referring to Section 6272 of Shannon's Code, the court said in respect to the introduction of oral testimony:

"Such procedure is irregular, can only be followed by consent, and a trial so had is not according to forms of the Chancery Court.   The parties are not, therefore, entitled on appeal to have a re-examination of the whole matter of law and fact, under the provisions of Shannon's Code, 4887."

*Choate* v. *Sewell,* 142 Tenn., 487, decided after the Act of 1917, was also a jury case in the Chancery Court.   The

jury was demanded, waived, and the cause was heard before the Chancellor as if before a jury. On appeal the question arose of whether the appeal brought up the case for review *de novo*. The court said in that case that *Beatty* v. *Schenck,* nor the Act of 1917 were controlling, because it was a jury case. We quote from *Choate* v. *Sewell,* as follows:

"Chapter 119, Acts of 1917, was not intended to and did not have the effect of changing the forms of proof in the Chancery Court. Upon its face it is only an exception to the usual forms of that court, and the exception is not given to either party as a matter of right."

We cannot consider this statement as meaning that by the introduction of oral evidence by consent under authority of the Act of 1917, a Chancery cause loses its character of a cause tried according to the forms of that court, and substitutes for the broad appeal under Section 4887, supra, an appeal in error as in a law cause. We cannot conclude that the Act of 1917, authorizing the introduction of oral testimony by consent of counsel in Chancery causes was intended to limit the scope of hearing on appeal.

In our opinion the facts should have been reviewed upon appellants assignments of error in the Court of Appeals.

Reversed and remanded to the Court of Appeals.