WALKER *v.* AETNA CASUALTY & SURETY CO.

(*Knoxville*, September Term, 1939.)

Opinion filed October 21, 1939.

H. P. ROBERTS and GEORGE W. JAYNES, both of Morristown, for plaintiff in error.

C. FRANK DAVIS and EARNEST R. TAYLOR, JR., both of Morristown, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On April 9, 1938, plaintiff recovered a judgment for $300 and costs against defendant before T. R. Brooks, justice of the peace. Defendant prayed and was granted an appeal to the circuit court, and duly executed its appeal bond but neglected to provide any sureties thereon. At the following June term of the circuit court plaintiff made a motion to dismiss the appeal because of the defendant's failure to execute a bond with surety, as provided by statute. Thereupon the court, upon motion, permitted defendant to amend the bond by adding a sufficient surety. The court thereafter heard the case, without a jury, upon the merits, and found that defendant was not indebted to the plaintiff and dismissed the suit. Upon appeal, the Court of Appeals held that the trial court committed error in permitting defendant to amend its bond, and reversed that court and remanded the case to the justice of the peace court for the enforcement of its judgment. The Court of Appeals did not

consider the case upon its merits. The case was brought to this court by petition for writ of *certiorari,* which has heretofore been granted and argument heard.

The exact question before us at this time was decided by this court adversely to the decision of the Court of Appeals in *Frazier* v. *Biddle Auto Company,* 138 Tenn., 428, 198 S. W., 257. The decision in that case was based upon an interpretation of our statutes, which are still in force, and which are as follows:

9019. "Any person dissatisfied with the judgment of a justice of the peace, recorder or other officer of a municipality charged with the conduct of trials, in a civil action, may, within two entire days thereafter, Sundays exclusive, appeal to the next term of circuit court."

9020. "Before the appeal is granted, the person appealing shall give bond with good security, as hereinafter provided, for the prosecution of the appeal, or take the oath for poor persons."

8707. "No summons, writ, pleading, process, return, or other proceeding in any civil action in any court, shall be abated or quashed for any defect, omission, or imperfection."

8719. "In appeals from justices of the peace, the circuit court shall supply any defect in the proceedings of the inferior jurisdiction, as though the suit had been commenced in the circuit court."

10190. "No civil case, originating before a justice of the peace and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper; and the trial shall be de novo."

■ These statutes are as comprehensive as language can make them, and evince a clear intention on the part of the legislature to allow such amendments in the circuit court as will permit the appellant to have his case heard and determined in that court upon its merits.

■ The Court of Appeals, as we interpret its opinion, seemed to think that the rule announced in *Frazier* v. *Biddle Auto Company, supra*, was modified or changed by Chapter 65, Acts 1885, Code, section 9047, as construed in *England* v. *Young*, 155 Tenn., 506, 296 S. W., 14. That provision of the Code is as follows:

''When an appeal or appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the court of appeals or supreme court, the appeal shall be prayed and appeal bond shall be executed or the pauper oath taken within thirty days from the judgment or degree, if the court holds so long, otherwise before the adjournment of the court, but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty days, the court may extend the time to give bond or take the oath in term or after adjournment of the court; but in no case more than thirty days additional.''

That statute was enacted prior to the decision in *Frazier* v. *Biddle Auto Company, supra*, but was not referred to in that case for the simple reason that under its express terms it relates only to appeals to the court of appeals and the supreme court, and not to appeals from a justice of the peace to the circuit court.

In *England* v. *Young, supra*, the court had under consideration an appeal from the chancery court to the court of appeals, holding the requirements of the above statute mandatory, but made no mention of appeals from justices of the peace to the circuit court.

For the reasons stated the judgment of the Court of Appeals will be reversed and the case remanded to that court for a decision upon the merits. *Bozeman* v. *Naff*, 155 Tenn., 121, 290 S. W., 981; *Watkins, Trustee*, v. *Sedberry*, 155 Tenn., 148, 290 S. W., 970. The plaintiff will be taxed with the costs accrued in this court. Other costs will be adjudged by the Court of Appeals upon final hearing of the case.