HOUSER *v.* HAVEN.

(*Knoxville,* September Term, 1948.)

Opinion filed December 11, 1948.

584

DRINNEN & DRINNEN, of Maryville, for plaintiff in error.

ELY & ELY, of Knoxville, DUNN, MEARES & BIRD, of Maryville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

At the instance of Roosevelt Haven, Administrator, there was issued from the "Circuit Court of Blount County" a summons directing Emma Houser "to appear before the Judge of the Second Circuit Court of Blount County" to make answer to the demand of the administrator in an action of damages. There is only one Circuit Court in Blount County. Apparently, when the summons was issued, there was used a Knox County form. That county does have a second circuit court. A declaration was filed with the summons. The cause of action stated therein is exclusively a tort action. This summons was issued only a day or so before the statute of limitations is alleged to have run.

The defendant, Emma Houser, demurred "to the summons and declaration" because "no such court exists, or has been established by law", and hence no jurisdiction of the person or property of the defendant was obtained by the service of the paper in question.

Thereupon, over the objection of defendant, Emma Houser, and after the statute is alleged to have run, the administrator was allowed to amend the summons by striking out the word "Second" before the words "Circuit Court".

Defendant moved to strike this motion on the ground that the amendment permitted the institution of a cause

of action allegedly after the statute of limitations had run upon the cause of action stated in the declaration. The demurrer and motion to strike was then heard and overruled by the Court. The defendant Houser was allowed an appeal from the action of the Court "in overruling her demurrer and disallowing her motion".

The judgment overruling the demurrer and the motion to strike was an interlocutory, rather than a final judgment, since it was not one "which decides and disposes of the whole merits of the case". *Bruce* v. *Anz*, 173 Tenn. 50, 53, 114 S. W. (2d) 789, 790. Thus, the appeal was one which the lower court allowed in the exercise of a discretion.

The discretionary authority given by statute, Code Section 9038, to the Circuit or Chancery Court to allow an appeal from an interlocutory judgment does not govern actions of tort. It was so decided in *Bruce* v. *Anz*, *supra*, wherein the Court held:—

"That the application of Code, section 9038, authorizing discretionary appeals from interlocutory decrees, is limited to equity cases, and cannot be invoked in an action for tort."

It follows that this appeal must be dismissed with its costs adjudged against the defendant, plaintiff in error, Houser, and the cause remanded for further appropriate proceedings.

All concur.