STATE *ex rel.* PENNINGTON *v.* BAILEY *et al.*

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

FREEMON & FREEMON, of Lawrenceburg, for appellants.

JOHN F. MORRISON, JR., of Lawrenceburg, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

This case was originally filed by the State against numerous delinquent taxpayers of Lawrence County, Lawrenceburg, etc. In due season the appellant Willie Mae Pennington filed her intervening petition in the cause naming as defendants therein State of Tennessee, J. F. Hobbs, Clerk & Master and Special Commissioner and Receiver, Roy Beeler, Attorney General, State of Tennessee and Hiram Holtsford, Back-Tax Attorney for Lawrence County, and the City of Lawrenceburg and the City of Loretto, questioning the validity of an item of $5 denominated as the special commissioner's fee which she paid under protest. The Chancellor rendered a decree against her and she perfected an appeal.

The record in the case was filed with the Clerk of this Court on October 7, 1953. On October 16, 1953, the appellant through her counsel received the record from the Clerk of this Court and retained the same until he brought it back to the Clerk on February 1, 1954. On February 1, 1954, the appellant filed her assignments of error and brief. On the 10th day of December, 1953 the Clerk of this Court notified the appellant that her case was set for trial in this Court on February 4, 1954. Based on the foregoing facts the appellee on February 4, 1954 appeared

in Court and filed his written motion to strike the assignments of error and accompanying brief and to affirm the decree of the Chancellor because of the unnecessary delay on the part of the appellant in filing her assignments of error and brief herein. This motion is based on the published rules of this Court which appear in Volume 185 of the published reports at pages 866 and 870. The first rule relied upon in support of this motion is Rule No. 14, which is as follows:

"The counsel for appellant, or plaintiff in error, in all civil causes, shall file with the clerk of this court, at least ten days before the call of the county from which the cause comes, an assignment of errors, and brief in support of the same, typewritten or printed, which shall be attached by the clerk to the transcript. If the record be filed within ten days before the call of the docket of the county is begun, then the assignment of errors and brief must be filed as soon as practicable after the filing of the transcript, and before the case is called for trial or hearing. If the case is set for hearing by the clerk otherwise than on the regular call, then the assignment of errors must be filed at least ten days before the date fixed for the hearing."

And in subdivision 2 of Rule No. 15 of this Court which is in the following words to wit:

"(2) Case affirmed when assignments of error not filed.—When appellants, or plaintiffs in error, in civil cases, fail or refuse to file an assignment of errors and brief, as required by this rule, it will be taken as an abandonment of the appeal or writ of error, and the decree or judgment will be affirmed. Errors not assigned and supported by brief accord-

ing to this rule, will be treated as waived, but the court, in its discretion, may notice an error overlooked by counsel.''

When the motion was presented in open court on February 4, 1954, counsel for the appellant was asked if he had any reason or excuse for not having complied with the rules of the Court and filed the assignments of error in compliance with the rules. No valid excuse was forthcoming. Thus the matter was submitted to us on the foregoing state of facts. After a thorough consideration it is the opinion of this Court that the motion should be sustained.

■■ The rules of this Court were made to expedite the hearing of cases in this Court and to try to be as fair as humanly possible to all parties concerned so that every party could have a hearing on the merits of the cases presented here. Long ago the Legislature of this State enacted statutes to try to expedite the hearing of cases in this Court after they were appealed. These statutes have been carried in the Code for many years and are now found in Code Sections 10651 and 10652 and provide for a speedy hearing here. It is the policy of this Court to endeavor to decide every appeal on its merits. But when the point is made, by the opposing party, of an unnecessary delay in doing what should have been done in a short time, we must enforce some reasonable rules. We think the rules which we have adopted are reasonable and fair and in the absence of a reasonable excuse these rules must be enforced. If for any reason these assignments of error and brief could not have been filed before they were, counsel certainly could have gotten an extension of time by applying to any member of this Court showing a valid reason for delay.

■ For the reasons above stated the motion to dismiss the appeal must be sustained. The motion is therefore sustained and the appeal dismissed at the cost of the appellant.