E. T. HOPPER and MRS. ARENA ANDERSON, a Partnership, D/B/A HOPPER & ANDERSON COAL COMPANY,

*v.*

DAVIDSON COUNTY et al.

(*Nashville,* December Term, 1959.)

Opinion filed March 11, 1960.

Rehearing denied April 6, 1960.

394

H. H. CHITWOOD and FYKE FARMER, Nashville, for plaintiffs in error.

SHELTON LUTON, County Attorney, Nashville, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This is an action of trespass, or an action upon the facts of the case, to recover damages for the taking of private property for public use. The suit was originally instituted by the plaintiffs in error against Davidson County, its Chairman of the County Highway Commission, McDowell Development Corporation and the City of Nashville, acting through its Electric Power Board. The suit was originally instituted on December 14, 1956. The county demurred to this action and this demurrer was sustained on July 12, 1957, on all grounds of the demurrer. To the action of the court in sustaining this demurrer, the plaintiffs excepted. At a later date the demurrer of the City of Nashville was sustained and no question is made as to the sustaining of this demurrer. In July 1959, the court refused to allow certain amendments to the declaration fully setting forth various facts upon which the suit was based. The court denied the

motion to amend as to Davidson County, and supposedly new parties, on July 29, 1959. Subsequent to this time on September 3, 1959, a voluntary non-suit was taken as to McDowell. This left in the lawsuit only Davidson County and those parties connected or having their liability placed on the actions of Davidson County. This left the lawsuit with the demurrer of Davidson County having been sustained and excepted to as the only parties to the action.

From this action sustaining a demurrer as to Davidson County and its officials connected with the Highway Department, and the court's denying the petition to amend, this appeal was perfected.

■ Before taking up the case on its merits, it is first necessary for us to dispose of a motion of Davidson County and its officials to dismiss the action because (1) the appeal is premature, it having been made from an interlocutory order, and, (2) the appellants did not file their assignments of error in compliance with Rule 14 of this Court.

We must overrule this motion because as indicated above when the nonsuit was taken as to McDowell there was no one left in the lawsuit except Davidson County. Thus the statute (sec. 27-305, T.C.A.) and cases supporting the proposition that an appeal will not be allowed in piecemeal but must come from a final order, such as *Bruce v. Anz*, 173 Tenn. 50, 114 S.W.2d 789; *Houser v. Haven*, 187 Tenn. 583, 216 S.W.2d 320, and others are not in point. This appeal amounts to a final adjudication of the case as to all parties only leaving the declaration as to Davidson County to which a demurrer was sustained and an exception prayed.

At the bar of this Court the counsel for the plaintiffs in error made the statement that shortly after the appeal was perfected to this Court, in the latter part of November, he became ill and because of his sickness the assignments of error and brief were not filed within the time of our Rule. We accept this excuse and do not feel that the reasons as set forth by us in *State ex rel. Pennington v. Bailey*, 196 Tenn. 285, 265 S.W.2d 882, are applicable here. We now come to the consideration of the case on its merits.

The declaration as originally filed avers as far as is necessary herein to state that the plaintiffs in error in the latter part of July or the first of August, 1956, were the lessees and tenants of certain property which was situated at a given place in Davidson County, and that on this property there was a building, together with certain scales and a coal yard. They further aver that they had been in operation of this business for some years and had developed a lucrative business, and that Davidson County along with its Chairman of its Highway Commission through their employees etc. came upon the premises as described above and dismantled their building, wrecking same and tearing it down, and that in the process they destroyed and carried away various articles belonging to the plaintiffs. Of course, they averred that all of this was done without any authority of the county on its part.

It was further averred, as far as Davidson County was concerned, that as a result of these acts of the county and its Highway Commission and others they destroyed and carried away valuable assets at this business location. This declaration was demurred to because, as it was said in the demurrer, the defendants

were engaged in carrying out a governmental function and (2) because of misjoinder of parties. As said above this demurrer was sustained without setting forth on what ground.

This declaration is poorly and inartificially drawn and does not fully set forth the facts as should be done as to why and how the county took these things above set forth. This suit at the time was filed by entirely different counsel from that now in it. When present counsel were employed in this lawsuit they requested to be allowed to amend their declaration. The proposed amendment sets forth in detail facts which show that the county was taking this property for highway purposes and had made certain settlements with the lessors of the property, but, even though requested to do so, had failed to reach an agreement or make a settlement with the lessees of this property under the terms of their lease. Thus under this amended declaration the facts were fully developed.

■■ We think that the trial judge should have allowed this amendment. In the first place no one is hurt by allowing the amendment and allowing the plaintiffs to fully set forth the facts upon which they rely in their lawsuit. Suppose the lawsuit had come on to be tried under the averments of the declaration as they were, we think that out of fairness to the parties that the trial judge would have allowed them to introduce the evidence as shown by the facts in this amended declaration. It can be inferred, it is an inferable fact from the declaration as originally filed, that this was a taking by the county for highway purposes, and that these damages etc. had been thus developed. Of course, the ordinary practice of a trial court in allowing amendments, or the development of proof of this kind is that it is allowed

unless the opposite party would be injured. If there are going to be facts developed that the opposite party doesn't know anything about they will be allowed time within which to answer or deny, or plead to these things. Under the allegations of the amended declaration, all of these factual things were taken up with the county and its various departments and there was no surprise by setting forth these facts.

At the time this amendment was requested, the case was still in the trial court and was then pending against the McDowell people even though a demurrer had been sustained as to Davidson County. The case was still there in that court and the court had jurisdiction for all purposes and particularly to allow the amendment. *Bruce v. Anz,* supra. See also other cases such as *Officer v. Sims,* 49 Tenn. 501; and *Walker v. Aetna Casualty & Surety Co.,* 175 Tenn. 118, 132 S.W.2d 219, supporting what has been said hereinabove as to amendments.

■■ Of course, the rule is well settled that the trial court will not be put in error for failing to allow amendments, because ordinarily it is a discretionary matter with the trial court as to whether or not this should be done. When it is seen though that the failure to allow this amendment is doing an injustice to the person asking so as this person cannot have his day in court we think that the action is erroneous. It is entirely possible that the reason why this amendment was not allowed was because of the pressure of business of the trial court, the trial judge not having an opportunity to take a resting sight and consider this matter from all angles, and that it was presented to the trial court more or less with the idea that this was the kind of tort action not permissible against a county acting in its governmental capa-

city. The present tort action growing out of eminent domain is permissible. Sec. 23-1423, T.C.A. This is probably the reason that the trial judge sustained the demurrer.

Article 1, Section 21, of our Constitution provides:

"That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives or without just compensation being made therefor."

This constitutional provision is implemented by Section 23-1422 of the Code, which provides that an assessment of damages by a jury of inquest shall be requisite to the occupation under the power of eminent domain. Then the following Section of the Code, 23-1423, grants the remedy to the owner in case the first statute has not been complied with. Under this last mentioned Section of the Code, which was Section 3131 of the Williams' Code, the Court of Appeals of this State in *East Tennessee & W. N. C. R. Co. v. Gouge,* 30 Tenn.App. 40, 203 S.W.2d 170, held that the owner may bring an action in the ordinary way, which can mean nothing else than action of trespass or an action upon the facts of the case to recover the value of the land and damages. That is exactly what was done in this particular case. By this section the owner is given the right to sue for damages done to his property.

In 3 A.L.R.2d, beginning at page 286, will be found a very comprehensive note on a lessee's right to compensation for the taking or damaging of a leasehold in eminent domain, and as to the way of measuring damages etc. Among other things at page 302 of that annotation it is said:

"Generally speaking, a lessee is entitled to compensation for fixtures, structures, or other improvements installed or erected by him upon property taken under eminent domain, if, as against the lessor, he has the right to remove such improvements prior to or upon expiration of his term." Many cases support this statement.

We approve the statement as being the applicable rule of law to apply in this State when a lessee's fixtures are taken by condemnation or by the taking of property for public purposes. That is the purpose of this action.

▇ New parties made by the amendment hereto are merely for descriptive purposes and are permitted only as such. The suit in reality is against the county. These new parties were not acting personally but were acting for the county. The insurance company has no place herein.

We have very carefully considered the questions raised herein and are satisfied that no injustice can be done by allowing these owners to have their day in court. If they were not allowed to have their day in court there would be a great injustice done. For the reasons above set forth, the judgment below will be reversed and the cause remanded to that court for further proceedings.

## On Petition to Rehear

Davidson County has filed a dignified, courteous and forceful petition to rehear in this cause.

After reading and re-reading this petition with exhibits filed thereto, we are more convinced than ever that the trial judge should have allowed the amendment to the declaration as shown in our original opinion. The

exhibits to this petition to rehear show that these parties had filed with the court a petition for a jury of inquest, setting forth the fact that these things were being taken by the right of eminent domain. This petition for an inquest was dismissed under the plea of the statute of limitations. Of course, these matters under these exhibits here filed are not for us, but they do show what we said in our original opinion, and make it more evident than ever that those things were before the trial judge and he should have allowed the motion to amend amplifying and fully setting forth the facts of the lawsuit.

The additional argument is likewise made that the suit here should be dismissed because the assignments of error were not filed in compliance with our rules. We see no reason, under this additional argument, to change what we said in the original opinion.

For the reasons herein expressed, the petition to rehear will be denied.