JOHN CURTIS JOHNSTON, et al., Complainants-Appellees, v. CITY OF CHATTANOOGA, TENNESSEE, Defendant-Appellant.—401 S.W.(2d) 199.

Eastern Section. November 23, 1965.

Certiorari Denied by Supreme Court March 7, 1966.

Ellis K. Meacham, Chattanooga, for appellant.

S. Richard Holcomb, Chattanooga, for appellees.

PARROTT, J. The City of Chattanooga acquired by purchase and warranty deed a four-fifths interest in a tract of land. The owners of the remaining one-fifth interest brought this suit for partition. The Chancellor held the property was not subject to partition but awarded a money judgment in the amount of $5837.84 for their one-fifth interest, from which the City of Chattanooga has appealed.

George Mooney died in 1957 intestate, seized and possessed of the property in question. His heirs at law at the time of his death were his wife, four surviving children and five grandchildren who were the children of a fifth son, John Curtis Mooney who died intestate in 1940. Three of the children of John Curtis Mooney are complainants and the other two are defendants.

The four surviving children of George Mooney conveyed their interest to their mother, Pearl Mooney. Subsequently, Pearl Mooney or her successors in title conveyed the property to the City of Chattanooga. The first tract was acquired in 1958 for street purposes and the remainder of the property in 1961 for garbage disposal purposes. It is undisputed that the City has never acquired by deed or otherwise the one-fifth interest belonging to the heirs of John Curtis Mooney.

The City has appealed from the Chancellor's decree and insists he erred in not sustaining its plea of the

statute of limitations as provided under T.C.A. sec. 23-1424, since the suit was filed on August 27, 1964, more than one year after the property was acquired. T.C.A. sec. 23-1424 is as follows:

"Limitation of owners' actions.—The owners of land shall, in such cases, commence proceedings within twelve (12) months after the land has been actually taken possession of, and the work of the proposed internal improvement begun; saving, however, to unknown owners and nonresidents, twelve (12) months after actual knowledge of such occupation, not exceeding three (3) years, and saving to persons under the disabilities of infancy and unsoundness of mind, twelve (12) months after such disability is removed, but not exceeding ten (10) years."

This statute is found in Title 23, Chapter 14, entitled Eminent Domain. T.C.A. sec. 23-1423 provides a remedy for the owner of land to recover when a condemner has taken possession of such land. It gives landowners the right to sue for damages in the ordinary way, such as an action of trespassing or a suit of inverse or reverse condemnation with a jury of inquest. These actions are in the nature of tort actions for damages done to his property. Hopper v. Davidson County, 206 Tenn. 393, 333 S.W.(2d) 917.

In the case of East Tennessee & W. N. C. R. Co. v. Gouge, et al., 30 Tenn.App. 40, 203 S.W.(2d) 170, this court considered T.C.A. secs. 23-1423 and 23-1424 and, in an opinion written by now Chief Justice Burnett of our Supreme Court, said:

"Our conclusion therefore is that since under the facts of this case this taking and resulting damage

was not under the statute creating the right of action the limitation of the remedy is not 'a limitation of the right.' "

■ There is no question that a suit initiated under T.C.A. sec. 23-1423 must be brought in the time specified by T.C.A. sec. 23-1424. A statute creating a remedy may certainly, by the same token, limit the time such remedy may be exercised. This suit is not brought under T.C.A. sec. 23-1423.

In the instant case we are not faced with a trespass or an encroachment as is usually brought under T.C.A. sec. 23-1423, but have involved here the rights or interest in property. The parties are tenants in common or joint tenants.

The statutes here under consideration do not contain a provision of limitation as to time a landowner may bring a suit for an interest in property which the city or others with the right of eminent domain have failed to acquire. Under the rule of strict construction of statutes such cannot be included by implication. If the legislature had intended such, we must assume they would have provided it in the statute.

Article 1, Section 21, of our Constitution provides:

"That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor."

It is said in Hopper v. Davidson County, supra, the eminent domain statute implements this constitutional provision.

We have been unable to find a case exactly in point but the cases of Dickens, et al v. Shelby County, et al, 178 Tenn. 305, 157 S.W.(2d) 825, and Southern Railway Co. v. Jennings, 130 Tenn. 450, 171 S.W. 82, are the closest in point. Both of these cases involve tracts of land where the property had been taken by private contract. In each case a life estate was purchased and the remaindermen sought to recover possession of the property more than one year after conveyance from the life tenant. The court held the one year statute of limitations was not applicable.

■ In our opinion the Chancellor was correct in overruling the City's plea of the statute of limitations. The taking here was not under the statute creating the right of action or the limitation of the remedy; therefore, would not be a limitation of the rights of the property owner, and T.C.A. sec. 23-1424 is not applicable to this suit.

■ We find no merit in the second assignment of error which complains the expert witness who testified for complainants placed a value on the property which is unsupported by any facts.

The witness was properly qualified as an expert and testified he had 25 years experience in the real estate business. He arrived at his opinion as to value on a comparable sales method and the general value of property in the area of which he was familiar. We see no error in his method of valuation.

Thus, it results all assignments of error are overruled, the decree of the Chancellor is affirmed and the costs taxed to the appellant.

McAmis, P. J., and Cooper, J., concur.