Joseph B. Childress *v.* Lewis B. Marks *et al.*

JOSEPH .B. CHILDRESS *v.* LEWIS B. MARKS *et al.*

1. EXECUTION. *May issue upon lost judgment without supplying it.*
   *When.* Where it appears in substance that a judgment was
   rendered, and it recites facts sufficient to give the Court juris-
   diction, and the judgment has not been reversed and no pro-
   ceedings are had to rehear the case upon its merits, alias exe-
   cution may issue to enforce the same, though the record of the
   judgment be lost.

   Case cited: Faust *v.* Echols, 4 Cold., 397.

2. APPEAL. *Bond. Evidence of its being granted. When.* The defend-
   ants sought to dismiss an appeal, from the Circuit to the Su-
   preme Court, for want of evidence that it was granted; the
   language is, "which (appeal) is granted upon his giving bond
   and security for cost." A bond appears executed on the same
   day, certified as part of the record.

   *Held,* The granting an appeal is a judicial act, but the bond is
   taken by the clerk, and we must take it that the bond was
   accepted, and therefore the appeal granted.

---

FROM GILES.

---

Appeal from the Circuit Court.   HILARY WARD,
Judge.

NATHAN ADAMS for Childress.

T. M. JONES for Marks *et al.*

McFARLAND, J., delivered the opinion of the Court.

About the 3rd of April, 1861, Childress obtained
a judgment by motion in the Circuit Court of Giles
County, against W. T. Marks and his sureties, as con-
stable, for failing to return an execution issued by a
Justice of the Peace; afterwards the record book of

the Court containing the entry of the judgment was destroyed. On the 8th of December, 1865, upon motion of the plaintiff, an alias execution was awarded upon this judgment—the original execution having been returned unsatisfied. Thereupon the defendants presented their petition and obtained a writ of error *coram nobis.* They state that the alias execution was awarded without supplying the lost record of the judgment; that the judgment, if rendered, was a summary one; and rendered without notice to them; that they have a valid defence; that they were not legally bound as the securities of W. T. Marks.

In their assignment of errors, however, they make no question as to the correctness of such judgment, but assign as error that the order awarding the alias execution is erroneous, because there was no record of the judgment, and it does not recite sufficient facts to authorize the order.

The Circuit Judge referred the question to the clerk, who reported the fact that the judgment was rendered, and sets forth a substantial copy; this the Court adjudged was a substantial copy of the judgment, and ordered the same set up. Subsequently the Court quashed the alias execution and ordered an issue to be made to try the facts alleged in the petition.

The petitioners thereupon moved the Court to strike the cause from the docket, upon the ground that the judgment quashing the execution disposed of the entire case; this the Court refused, and ordered the peti-

tioners to assign errors. They assigned as errors, in substance, that the order awarding an alias execution was erroneous, it having been awarded without supplying the lost record of the judgment and without reciting the facts; they assigned no error as to the question of their liability or the merits of the judgment.

To this assignment the plaintiff demurred, at the next or a subsequent term; without disposing of this demurrer the Court dismissed the case from the docket, upon the ground that the judgment quashing the execution was final, and from this action of the Court the plaintiff has appealed. For the defendants it is insisted that the appeal should be dismissed, because it does not appear that the appeal was granted; the language is, "which (appeal) is granted him upon his giving bond and security for costs." A bond appears executed on the same day; the granting an appeal is a judicial act, but the bond is taken by the clerk, and we must take it that the bond was accepted, and therefore the appeal granted.

These proceedings are somewhat irregular, but as it appears in substance that this judgment was in fact rendered, and that it recites facts sufficient to give the Court jurisdiction, and as the judgment has not been reversed, and as the defendants in this proceeding do not seek to re-hear the case upon the merits, we hold that the plaintiff was entitled to his alias execution to enforce the same, notwithstanding the record of the judgment was lost. See *Faust* v. *Echols*, 4 Cold., 397.

The judgment will be reversed, with directions to the Court below to issue execution on the judgment.