JAMES T. JACKSON, in error, *v.* S. H. BAXTER.

PRACTICE AND PLEADINGS. *Dismissal of appeal. Proper judgment.* On dismissing an appeal from a justice because the papers do not show that the same was prayed and granted, the proper judgment is a *procedendo*, and not an affirmance.

### FROM GREENE.

Appeal in error from the Circuit Court of Greene county. NEWTON HACKER, J.

A. B. WILSON for Jackson.

H. H. INGERSOLL for Baxter.

FREEMAN, J., delivered the opinion of the court.

This is a suit on note before a justice of the peace, with judgment for plaintiff, which went to the circuit court, where, on motion, it was dismissed, because the papers showed no appeal prayed or granted, and no bond or pauper oath reciting such appeal.

The appeal was properly dismissed. Sec. 4178 of the Code providing that "no case from a justice when appealed shall be dismissed for any informality whatever, but shall be tried on its merits, and the court shall allow all amendments, etc., necessary to reach the merits," does not reach this question. If no appeal, the court had no jurisdiction to try the case,

Jackson *v.* Baxter.

and this was not intended to be cured by the above statute.

It is objected, that the court should not have rendered judgment of affirmance, but remanded the case to the justice. Code, sec. 3145, regulating appeals from a magistrate, provides: So, also, if the papers are properly returned, and the appellant fails to appear or defend within the first three days of the term to which the papers are returned, "or if the *appeal* is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs."

By sec. 3215 of the Code, "where any suit is dismissed from any court for want of jurisdiction, or because it has not been regularly transferred from an inferior to a superior court, the costs shall be adjudged against the party attempting to institute or bring up the cause."

This only provides for costs, but not for affirmance. The first section is not contrary to it, for it provides for the dismissal of an appeal, but not for a case where none was had.

Reverse, and render proper judgment here.