DOUGLASS BROS. *v.* NEGUELONA.

(*Jackson.* June 3, 1890.)

1. CIRCUIT COURT. *Has no jurisdiction of cause appealed out of time.*

Circuit Court acquires no jurisdiction of a cause appealed from a Magistrate's Court, where the appeal is taken after the expiration of the time allowed by statute for that purpose.

Code construed: ₴3861 (M. & V.); ₴3145 (T. & S.).

Cases cited and approved: Jackson *v.* Baxter, 3 Lea, 344; Taul *v.* Collingsworth, 2 Yer., 579.

Cited and overruled: Gilbert *v.* Driver, 3 Head, 462.

2. SAME. *Same. Proper judgment.*

Upon the appellee's motion to dismiss such appeal, the proper judgment is not affirmance of the Magistrate's judgment, but judgment dismissing the appeal and awarding *procedendo* to the lower Court, and adjudging costs of the Circuit Court against the appellant.

Code construed: ₴3940 (M. & V.); ₴3215 (T. & S.).

(See Nashville *v.* Wilson, *ante,* p. 407.)

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

J. M. GREER and COOPER & PIERSON for Douglass Bros.

49—4 P

---

Douglass Bros. *v.* Neguelona.

---

W. K. Poston for Neguelona.

\* Beard, J.   Douglass Bros. recovered a judgment against Neguelona before a Justice of the Peace, on December 31, 1889, from which, more than two days thereafter, to wit, on January 3, 1890, the defendants prayed, and, upon the execution of a bond, took an appeal to the succeeding term of the Circuit Court.   In that Court Douglass Bros. moved for a dismissal of this appeal and for an affirmance of the Justice's judgment, which motion was overruled, and instead a judgment was entered dismissing the appeal, and against Neguelona for all costs incident thereto, and awarding a *procedendo* to the Justice to execute his judgment.

This cause is brought to this Court, and the error assigned is the refusal of the Circuit Court to affirm the judgment of the Justice upon the dismissal.

This contention is rested upon the words of § 3861 (M. & V.) Code, and the case of *Gilbert* v. *Driver*, 3 Head, 462.   The words of that section are: "So also if the papers are properly returned, and the appellant fails to appear or defend within the first three days of the term to which the papers are returned; or, if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs."   In the

---

\* W. D.. Beard, Esq., of the Memphis Bar, was appointed by the Governor to serve during Judge Folkes' disability, and was afterward re-appointed to fill vacancy caused by the death of Judge Folkes.— Reporter.

case of *Gilbert* v. *Driver, supra*, an appeal was
taken from a Justice's judgment, after the lapse
of the statutory period, to the Circuit Court, where
it seems, upon a trial *de novo*, a different judg-
ment was pronounced, which, on appeal to this
Court, was reversed, and an order was entered
here dismissing the appeal to the Circuit Court,
and a judgment of affirmance of the Justice's judg-
ment was awarded. This judgment was rested, in
the opinion of the Court, upon the authority of
the section in question.

In reply to this contention, it is insisted by the
defendant in error that § 3861 does not and was
not intended to cover a case like this, but that
it is provided for by § 3940 (M. & V.) of the
Code; and as authority for this position the case
of *Jackson* v. *Baxter*, 5 Lea, 344, is relied on.

In the case just referred to an order of dis-
missal was entered by the Circuit Court because
the papers from the Justice's Court failed to show
a prayer for or grant of appeal, or a bond or
pauper oath as a substitute for it, but a judgment
was awarded affirming that of the Justice. On
appeal to this Court, it was held that the Circuit
Court was in error in its judgment of affirmance,
and that the only judgment which it could render
was one of dismissal and for costs, and that the
case in question fell within the terms of § 3940,
and not those of § 3861. The opinion in *Jackson*
v. *Baxter* does not mention the case of *Gilbert* v.
*Driver*, and from the fact of its omission it is

assumed that it was not called to the attention of the Court. After quoting at length the words of § 3861 (§ 3145, T. & S.) and § 3940 (§ 3215, T. & S.), the opinion in *Jackson* v. *Baxter* concludes with these words: "This," referring to § 3940 (§ 3215), "provides for costs, but not for affirmance; the first section (§ 3861, M. & V.; § 3145, T. & S.) is not contrary to it, for it provides for the dismissal of an appeal, but not for a case where none was had."

Upon an examination of these statutes, we are satisfied that the Court, in *Jackson* v. *Baxter*, has properly discriminated them. Section 3940 is, in so many words, Section 2 of Chapter 5 of the Act of 1832. Prior to that Act it was held that in a case coming from an inferior to a superior tribunal and there dismissed for want of jurisdiction, a judgment for costs could not be entered, but the case was simply stricken from the docket. *Taul* v. *Collingsworth*, 2 Yer., 579. To remedy this defect, and relieve from loss officers of the Court and witnesses called into a tribunal lacking jurisdiction of the cause, the Act in question was passed.

Its terms specifically point out the remedy when a suit "is dismissed for want of jurisdiction," and in such a case limits the recovery to costs. Nor do we think there was any intention on the part of the Legislature to extend the remedy in such cases by § 3861. Our construction of this section confines its operation to cases where an appeal has been properly taken, and jurisdiction of the Cir-

Douglass Bros. *v.* Neguelona.

cuit Court has attached, but for some reason subsequent to the appeal—such as a failure to return the papers in the cause, or of the appellant to appear and prosecute his appeal within the time the statute directs, or the appellant's failure to cure, on order, a defective bond, or to give other and better security, or other like reason—the appeal is dismissed. In such cases an affirmance of the judgment below is proper. On the contrary, § 3940 operates in cases where the jurisdiction of the Appellate Court has not attached—such as the one at bar. This construction saves all repugnancy between the two sections, and, as we think, effectuates the intention of the Legislature.

It will be observed that in the matter of jurisdiction we put a case where a bond has been executed after the lapse of the statutory period for appeal upon the same footing with a case brought up without an appeal bond or a prayer for appeal, and regard both as falling within the terms of § 3940. It follows that the case of *Gilbert* v. *Driver* is overruled.

Let the judgment of the Circuit Judge be affirmed. A judgment for the costs of this appeal will be entered against the appellants and their sureties on the appeal bond.

---

DISSENTING OPINION.

SNODGRASS, J. I do not concur in the opinion of the majority, and think there is no conflict

between the cases of *Gilbert* v. *Driver*, 3 Head, and *Jackson* v. *Baxter*, 5 Lea, when the points of decision are accurately noted. In the first case the only point in decision was the construction of § 3861 of the Code (M. & V.).

It is true, as stated in the opinion of the majority, that after defendant's motion to dismiss the appeal in the Circuit Court the case was tried *de novo*, and on the trial in the Circuit Court the plaintiff recovered, but upon appeal to this Court the trial upon the merits was disregarded, and this Court went back to the error committed in overruling defendant's motion to dismiss the appeal. This motion it held to have been well taken, and sustained it and dismissed the appeal, and the judgment of the Justice was affirmed here. The construction there was in nowise controlled or affected by the *de novo* trial. It was clear, positive, and unambiguous upon the statute, and determined that where an appeal was dismissed because taken after the time allowed by law, *affirmance* was the proper judgment. This was in accord with the plain terms of the statute (the only one relating specially to an invalid appeal from a Justice), was a contemporaneous construction, and should be sustained now, unless it has been overruled between the date of its delivery and the present, as it is of great consequence, as well as propriety, that long-settled questions of construction relating to practice should not be opened. It is better, indeed, that such a question, even if

its original determination were doubtful, remain settled than that it be ever changed as judicial opinion fluctuates. The bar and the people prefer to know what the law is rather than frequently to learn by useless changes what it originally ought to have been.

There is nothing observably wrong in the statute. There can be no doubt of the power of the Legislature to provide that appeals from judgments of Justices of the Peace must be taken within two days, exclusive of Sundays, after judgment; and to provide, in effect, that if a party attempt to bring up such case by appeal later, and the appeal is for that reason dismissed on motion, the penalty for harrassing and delaying his adversary shall be an affirmance in the Circuit Court. On the contrary, no reason is perceived (or stated by the majority) why such a law was not a desirable as well as a proper one, and, as we have already shown, it has been held to be a valid one and sustained.

Returning to our original proposition that it ought to be upheld as originally construed, unless the case cited as construing it has been overruled, we call attention to the case supposed by the majority to be inconsistent with it, for it is agreed by the majority that the case does not overrule it in *terms;* indeed, it does not even refer to it. We insist that it does not overrule it in *effect.* There is no inconsistency or conflict whatever between them on the real questions arising in each,

and which alone could have been properly determined, and which in each case were properly determined.

In the 5 Lea case there was *no appeal*, and so much of the opinion as shows this fact is quoted in the majority opinion. There was no prayer for an appeal, no grant of an appeal, no bond given or pauper oath taken, and no pretense of appeal. The proper judgment was therefore held not to be an affirmance. What the *proper* judgment was is not stated by Judge Freeman, who delivered the opinion, but what it ought to have been will occur to every lawyer. It ought to have been that the action of the Circuit Judge refusing to entertain the case on appeal be sustained in fact, though not in form of dismissing the appeal, but that the case be stricken from the docket of the Circuit Court, because not brought there by appeal or otherwise.

In that case it appeared the papers had been brought in and the case docketed, but without an appeal, or bond, or pauper oath. This form of order was the proper one, and it manifestly could not conflict with the former case. In the former case there was an appeal—irregular, if you please, but still an appeal—dismissed, and a judgment of affirmance. In the latter there was *no appeal*, and there was not, and could not have properly been, an affirmance. The latter case is not exact in its terms, but it is correct as a result, and does not affect the question now before us. It construed

§ 3940 (M. & V.) and properly applied it, but it did not call for a construction of § 3861, and none was given it.

There is no possible conflict in what was *decided* in the two cases, nor in what was *said*, if this obvious difference is borne in mind, and therefore the last case should not be treated as inconsistent with the first. Both should be allowed to stand, as they clearly may, and as they properly should.

As a matter of reason as well as authority, however, the construction put upon the statute in the 3 Head case is a correct one. The vital error, it seems to me, in the opinion of the majority, is treating an appeal taken after two days from the judgment of a Justice of the Peace as *no appeal.*

It is well settled by a practice of more than a quarter of a century that such an appeal will give the Circuit Court jurisdiction, and its judgment in a case so appealed will be valid if there is no motion to dismiss the appeal before trial. From this it conclusively follows that such an appeal is not void. It is merely irregular. The distinction is the familiar one that where an official having power to do a thing does it out of time, or irregularly, the act is not void, but voidable; where he has *no power* and does it, the act is void. A Justice of the Peace has the power to grant an appeal. He is required to do so only within two days after judgment. If he grants it

later it is voidable. Had he no power to grant, it would of course be void. But it is not so merely because the power is irregularly exercised. We have this principle illustrated in our own practice. If an appellant, having a certain time (now thirty days, under certain circumstances not necessary to be stated) to execute bond for appeal to this Court, gives his bond after that time, his appeal will be valid and entertained ·if there is no motion to dismiss it. So a writ of error cannot issue, even upon order of this Court, after two years; yet, if it does issue, and there is no motion to dismiss it, the Court takes jurisdiction and tries the case.

These cases are cited to show that an appeal or appellate proceeding, authorized in a given time *only*, is not void if granted later. It is an irregular and voidable proceeding, of course, but is not void, and cannot be treated as *no* proceeding.

For the reasons stated, I think the judgment was erroneous and should be reversed.