W. H. Ross *v.* HALLIE BANDY.

(*Nashville*, December Term, 1932.)

Opinion filed January 21, 1933.

GEORGE S. BUCKNER, for plaintiff in error.

DAVID M. ROBINSON, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a replevin suit brought to recover possession of an automobile. The case was decided in favor of the plaintiff below by the magistrate and the circuit court and the Court of Appeals reached the same conclusion. Defendant below has filed a petition for *certiorari*.

There is a conflict in the evidence but both lower courts having found the facts in favor of plaintiff be-

low and this finding being sustained by abundant proof, this controversy is closed in this court. The only questions to be considered here are with respect to the jurisdiction of the magistrate before whom this suit was brought.

Both parties were residents of Lincoln County, Tennessee. The suit, however, having been brought to obtain possession of personal property and the personal property having been found in DeKalb County, action was properly instituted in that county. Code, sec. 8642.

Sections 10126 *et seq.* of the Code deal with the jurisdiction of justices of the peace. Section 10130 provides, in a case where the defendant does not reside in the county, "the warrant may be returned in the district in which it is served, or before the most convenient justice of the peace." We agree with the Court of Appeals that the proof does not distinctly show in what district of DeKalb County the warrant herein was served. The proof does show where the property was found and the warrant was returned before a magistrate in a district other than the district in which the property was found. If, however, the warrant was served in the district in which the property was found, although it was returned before a magistrate in another district, nevertheless the proof fails to show that the magistrate in that other district was not "the most convenient justice of the peace." It may well be that such magistrate was the most "convenient justice of the peace." Every intendment is in favor of the regularity of proceedings before a magistrate and in favor of his jurisdiction, and it must affirmatively appear that he was without jurisdiction to justify making such a question on appeal. *Torilla* v. *Alexander,* 104 Tenn., 453; *Elliott & Co.* v.

*Jordan,* 66 Tenn. (7 Baxt.), 376; *Baker* v. *Allen,* 2 Tenn. (2 Overton), 175.

It is insisted that section 10134 of the Code fixes the venue of replevin suits instituted before a magistrate. That section is in these words:

"Actions of replevin, or suits commenced by attachment, may be tried in any district in which any portion of the property is found."

As previously noted, section 10130 provides that warrants in all suits against a defendant not residing in the county may be returned in the district in which they were served, or before the most convenient justice of the peace. Section 10130 is based on chapter 17 of the Acts of 1835-36. Section 10134 is based on chapter 32 of the Acts of 1851-52. Prior to the Act of 1851-52, the Act of 1835-36 fixed a venue for replevin suits as well as other suits. We think the only effect of the later Act was to fix additional venue for replevin suits. Thus the two Acts are readily harmonized. Section 10134 provides that replevin suits *may,* not *shall,* be tried in any district in which any portion of the property is found.

For the reasons stated, we think the lower courts properly overruled pleas to the jurisdiction and the petition for the writ of *certiorari* is denied.