(*Jackson*, April Term, 1941.)

Opinion filed May 24, 1941.

R. D. DᴇFᴏʀᴅ, of Savannah, for plaintiff in error.

A. M. Pᴀᴛᴛᴇʀꜱᴏɴ, of Savannah, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit originated before a magistrate where there was a judgment in favor of the plaintiff for $75. On appeal to the circuit court the suit was dismissed on account of a defective appeal bond. An application of defendant for permission to amend his appeal bond was overruled. Defendant excepted and appealed to this court.

The magistrate's warrant showed that it was issued on March 29, 1939, duly served, and the trial set for April 3. That on April 3 judgment was rendered in favor of plaintiff as aforesaid for $75 and costs. The warrant also contains this statement: "Prays an appeal from judgment 5th day of April, 1939."

An appeal bond seems to have been executed in form as follows:

"E. A. Stansell
    vs.
R. H. McAnally

"We, R. H. McAnally, principal and R. H. White C. H. Lutts sureties acknowledge ourselves held and firmly bound unto E. A. Stansell in the sum of Two Hundred Dollars to be void on condition that the said R. H. McAnally successfully prosecutes his appeal in the above styled cause from the decision of W. G. Armstrong Justice of the Peace on April, 3rd, 1939, otherwise to remain in full force and effect.

"This April, 5th. 1939."

The warrant and the bond appear to have been duly filed with the circuit court clerk on June 13, 1939.

In support of the ruling of the trial judge the

plaintiff insists that the record fails to show that this appeal to the circuit court was ever granted by the justice of the peace, the warrant only showing that an appeal was prayed. As stated, however, the papers in the case before the magistrate were duly filed in the circuit court, and section 10191 of the Code provides:

"An appeal bond, returned with other papers to the circuit court, is prima facie evidence that an appeal was prayed and granted, but the presumption may be rebutted by proof that an appeal was not prayed and obtained within the time allowed by law."

█ .In further support of the ruling below, it is urged that the appeal bond was never executed, the bond sent up not appearing to have been signed by the defendant or by the sureties. The defendant contends that the sureties in fact actually signed this bond in the body thereof where their names appear, that although their signatures do not appear at the end of the bond, the bond in fact was signed by them. We understand that counsel for plaintiff challenges this statement.

Whether the bond was actually signed by these sureties or not, we think the trial judge erred in refusing defendant permission to amend same.

Section 10190 of the Code is in these words:

"No civil case, originating before a justice of the peace and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper; and the trial shall be de novo."

In *Frazier* v. *Biddle Auto Co.*, 138 Tenn., 428, 198 S. W.,

257, a partnership doing business as Biddle Auto Co. was granted an appeal from a magistrate's judgment. The appeal bond was signed by the three members composing the firm—in reality the three defendants. There were no sureties at all on the bond. This court held that the circuit judge properly allowed the defendants to amend their appeal bond so as to add proper sureties and make the same conform to law.

So, under authority of *Frazier* v. *Biddle Auto Co.*, and our statutes, we think the court below should have permitted the appeal bond to be amended, even though the parties described as sureties had not in reality signed the bond. The amendment approved in *Frazier* v. *Biddle Auto Co.* permitted the addition of sureties to the appeal bond where there had been no sureties before.

Reversed and remanded for further proceedings in accordance with this opinion. The plaintiff will pay the costs of appeal, and costs below will be adjudged by the trial judge.