IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 20, 2014 Session

## TONIE V. PETERSON v. GLENN E. LEPARD, ET AL.

Appeal from the Circuit Court for Shelby County
No. CT-002421-12     Robert L. Childers, Judge

No. W2013-00367-COA-R3-CV - Filed March 20, 2014

This case arises from the dismissal of the Appellant's lawsuit in the Circuit Court of Shelby County for failure to timely perfect her appeal from General Sessions Court. Appellant filed her notice of appeal with the 24-hour General Sessions Criminal Clerk's Office, but did not pay costs or bond because the 24-hour clerk's office does not accept any payments for civil matters. As a result, Appellant's bond was not paid until the eleventh day after the General Sessions Court's judgment was entered, and was therefore outside the ten-day filing period. Tenn. Code Ann. § 27-5-108. Consequently, the trial court dismissed Appellant's appeal for lack of jurisdiction. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., joined and ALAN E. HIGHERS, P.J., W.S., filed a separate concurring opinion.

Cedrick D. Wooten, Memphis, Tennessee, for the appellant, Tonie V. Peterson.

Thomas Branch and Sasha B. Gilmore, Memphis, Tennessee, for the appellee, Glenn E. Lepard.

Robert E. Hayes, Jr., Southaven, Mississippi, for the appellee, Southaven Police Department

Melanie M. Stewart and John J. Bennett, Germantown, Tennessee, for the appellee, Felicia N. Henderson.

**OPINION**

On or about October 7, 2011, Appellant Tonie V. Peterson filed her original lawsuit in the General Sessions Court of Shelby County. The lawsuit arose from an automobile accident that occurred on October 7, 2010. The lawsuit was filed against Glenn E. Lepard, Felicia N. Henderson, and the Southaven Police Department (together, "Appellees"), alleging that the Southaven Police Department had "negligently pursued" the vehicle being driven by Mr. Lepard, causing his vehicle to hit the vehicle that was driven by Ms. Henderson, which then hit Ms. Peterson's vehicle. On February 13, 2012, Appellee Southaven Police Department filed a motion to dismiss for failure to state a claim, or in the alternative, for consolidation with a related federal court lawsuit. The General Sessions Court entered a judgment for Defendants on May 14, 2012, without hearing proof. On or about May 24, 2012, Ms. Peterson filed a notice of appeal in the General Sessions 24-hour Clerk's office. Ms. Peterson neither (1) paid the standard court costs for an appeal from General Sessions Court, nor (2) submitted a surety bond to secure the costs of the appeal within ten days after the entry of the General Sessions Court's judgment. The record contains a Tennessee Rule of Appellate Procedure 24(b) statement of the evidence of the October 26, 2012 hearing, *infra*. The statement of the evidence provides, in relevant part, that:

> [O]n May 24, 2012, [Ms. Peterson's] counsel filed the Notice of Appeal at 6:16 p.m. in the General Sessions 24-hour clerk's office. No explanation has been given as to why the Plaintiff did not file the Notice of Appeal in the General Sessions Civil Clerk's Office within the normal hours of business on May 24, 2012. Counsel did not pay any filing fees or file the surety bond until May 25, 2012, the eleventh day after the judgment was entered in the General Sessions Court.
>
> \*                    \*                    \*
>
> [Ms. Peterson's] counsel acknowledged that he did not pay the filing fees or an appeal bond until May 25, 2012 because the 24-hour clerk's office did not accept payment of any fees.

On or about July 6, 2012, Ms. Peterson's case was consolidated with three related cases in the Circuit Court of Shelby County. On July 9, 2012, Appellee Felicia Henderson filed a motion to dismiss Ms. Peterson's lawsuit on the ground that Ms. Peterson's "appeal from General Sessions was not properly or timely perfected." Appellees Glenn Lepard and the Southaven Police Department filed motions to join Ms. Henderson's motion to dismiss, which joinder was allowed. Ms. Peterson opposed the Appellees' motion to dismiss. On or

about October 26, 2012, the trial court held a hearing on the motion. By order of January 7, 2013, the trial court dismissed Ms. Peterson's appeal with prejudice.[1]

Ms. Peterson appeals. She raises three issues for review as stated in her brief:

1. Appellant filed a notice of appeal and tendered the cash bond required by Tenn. Code Ann. § 8-21-401(b)(1)(C) within the ten day time limit of Tenn. Code Ann. § 27-5-103, but the General Session[s] Court Clerk refused to accept the cash bond for the appeal, causing the bond to be paid after the appeal deadline. The Circuit Court erred in refusing to recognize that the Clerk's refusal to accept the bond within the statutory period tolled the deadline, so that the payment of the cash cost bond on the following business day satisfied the ten-day limit of section 27-5-103.

2. Appellant filed a Notice of Appeal and tendered the cash bond required by Tenn. Code Ann. § 8-21-401(b)(1)(C) within the ten day time limit of Tenn. Code Ann. § 27-5-103, but the General Session[s] Court Clerk refused to accept the cash cost bond for the appeal, causing the bond to be paid on [the] day after the appeal deadline. The Circuit Court erred in refusing to recognize the payment as valid.

3. Title 16 clarifies that the Clerk of Court acts as a gatekeeper, with the duty to accept sufficient security, and that in performing this duty the Clerk effectively vests initial jurisdiction over the appeal.

We perceive that there is one dispositive issue, which we state as follows:

Whether the trial court properly dismissed Appellant's appeal

---

[1] We note that the trial court's January 7, 2013 order does not state the court's reasons for dismissal of the appeal from General Sessions Court. However, Tennessee Rule of Civil Procedure 52.01 specifically states that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56. . . ." Regardless, the motion to dismiss states only one ground, which is that Ms. Peterson's appeal from General Sessions was not properly or timely perfected. This fact, coupled with the Tennessee Rule of Appellate Procedure 24(b) statement of the evidence, clearly indicates that the ground for dismissal was Ms. Peterson's failure to pay costs or bond within the statutory ten-day time period.

from General Sessions Court for lack of jurisdiction based upon Appellant's failure to timely perfect her appeal?

It is well settled that subject matter jurisdiction implicates a court's power to adjudicate a particular case or controversy. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Earls v. Mendoza*, No. W2010–01878–COA–R3–CV, 2011 WL 3481007, at *5 (Tenn. Ct. App. Aug.10, 2011). "In the absence of subject-matter jurisdiction, a court cannot enter a valid, enforceable order." *Earls*, 2011 WL 3481007, at *5 (citing *Brown v. Brown*, 198 Tenn. 600, 281 S.W.2d 492, 497 (Tenn. 1955)). When subject matter jurisdiction is questioned, we must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred upon the court the power to adjudicate the case before it. *Id*. (citing *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006)). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). "[I]t is well-settled that subject matter jurisdiction cannot be waived. . . ." *Bernatsky v. Designer Baths & Kitchens*, LLC, No.W2012-00803-COA-R3-CV, 2013 WL 593911, at *21 (Tenn. Ct. App. Feb. 15, 2013).[2]

Tennessee Code Annotated Section 27-5-108(a)(1) states, in relevant part, that "[a]ny party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." Under this statute, an appeal from General Sessions Court to Circuit Court must be perfected within ten days after entry of the General Sessions Court's judgment. "It is essential to the orderly process of handling appeals to have mandatory time schedules in our appellate courts." *H.D. Edgemon Contracting Co. v. King*, 803 S.W.2d 220, 223 (Tenn. 1991). Accordingly, we have held that "[t]he failure of an appellant from general sessions court to comply with the statutory [] requirement means that the circuit court never acquires subject matter jurisdiction over the appeal: 'The only way that a circuit court may acquire subject matter jurisdiction over a case litigated in a general sessions court is through the timely perfection of a de novo appeal.'" *Sturgis v. Thompson*, 415 S.W.3d 843, 846 (Tenn. Ct. App. 2011) (quoting *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *6 (Tenn. Ct. App. Jan. 29, 2008)).

Tennessee Code Annotated Section 27-5-103 requires a party who seeks to appeal

---

[2] No application for permission to appeal to the Tennessee Supreme Court was filed in *Bernatsky*. However, the Tennessee Supreme Court has recently granted permission to appeal in a case that relies on the holding in *Bernatsky*, *Griffin v. Campbell Clinic, P.A.*, No. W2013-00471-COA-R3-CV, 2013 WL 3957488 (Tenn. Ct. App. July 31, 2013), *perm. app. granted*, (Dec. 23, 2013). No opinion has yet been filed in *Griffin*.

from General Sessions Court to Circuit Court to do two things: (1) file a notice of appeal, and (2) either "give bond with good security. . . for costs of the appeal," or alternatively, file an affidavit of indigency." Tenn. Code Ann. § 27-5-103; *Bernatsky*, 2013 WL 593911, at \*4 (internal citation omitted). At the time Ms. Peterson's lawsuit was dismissed, the controlling law on the issue of appeal bonds was *Jacob v. Partee*, 389 S.W.3d 339 (Tenn. Ct. App. 2012). In *Jacob*, this Court held that an appellant is required to timely pay an appeal bond or file an affidavit of indigency in order to timely perfect an appeal, and further held that payment of filing fees alone did not satisfy the statutory bond requirement. *Id*. at 334. However, this Court later analyzed and clarified the requirements for perfecting an appeal from General Sessions Court to Circuit Court in *Bernatsky*, which overruled our previous holding in *Jacob*. As noted above, Tennessee law requires an appellant to "give bond with good security" in order to perfect an appeal from General Sessions Court. Tenn. Code Ann. § 27-5-103(a). Likewise, Tennessee law sets forth standard court costs that must be paid in order to initiate certain civil actions, which costs are exclusive of officers' fees and state and local litigation taxes. Tenn Code Ann. § 8-21-401(a). The standard court cost for appeals from General Sessions Court to Circuit Court is $150.00. Tenn. Code Ann. § 8-21-401(b)(1)(C)(i). In *Bernatsky*, this Court held that the statutory language regarding the bond requirement, i.e., Tennessee Code Annotated Section 27-5-103, was ambiguous. *Bernatsky*, 2013 WL 593911, at \*7. Accordingly, we reviewed the legislative intent and history of Section 27-5-103 and Section 8-21-401(b)(1)(C)(i), and determined that both of these statutes should be construed together to effectuate the legislative intent. *Id*. at \*17. We ultimately held that "payment of the dollar amount in 'standard court cost' listed in Section 8-21-401(b)(1)(C)(i) at the time an appeal from General Sessions Court to Circuit Court is instituted fulfills the Section 27-5-103 appeal bond requirement." *Id*. at \*19.

> We hold that (1) Section 27-5-103 does not require an appellant to file an appeal bond with no monetary limit, and that the statute may be satisfied by the filing of an appeal bond in an amount certain, to be established by the legislature or its designee; (2) Section 27-5-103 permits an appeal bond in the form of either a cash bond or a surety bond; and (3) Section 8-21-401(b)(1)(C)(i) designates the amount of the Section 27-5-103 appeal bond "for the costs of the appeal."

*Id*. at 19. Ultimately, we concluded that "the Bernatskys satisfied the requirement to 'give bond with good security . . . for the costs of the appeal' under Section 27-5-103 by making a timely payment to the General Sessions Court Clerk a cash bond in the amount of $211.50, which includes the standard court cost set out in Section 8-21-401(b)(1)(C)(i)." *Id*. at \*19.

Although Ms. Peterson spends a portion of her argument, both in her appellate brief

5

and at oral argument before this Court, attempting to apply the ***Bernatsky*** holding to the issues raised in this appeal, the ***Bernatsky*** case is not directly on point. In ***Bernatsky***, we addressed the question of what type of bond would secure an appellant's appeal from General Sessions Court to Circuit Court, holding that the payment of "standard court costs" under Section 8-21-401(b)(1)(C)(i) fulfills the Section 27-5-103 appeal-bond requirement. In ***Bernatsky***, there was no question that the appellant made "timely payment" of the standard court costs (plus tax). However, the allegation in this case is that Ms. Peterson neither paid the standard court costs (i.e., those required under Section 8-21-401(b)(1)(C)(i)), nor filed a surety bond (i.e., under Section 27-5-103) before the expiration of the ten-day appeals period. The holding in ***Bernatsky*** sets forth the sufficiency of "good security" in an appeal bond, but in no way supports the acceptance of a filing fee after the ten day statutory period, which is the critical issue in this case.

Here, the underlying General Sessions Court judgment was entered on May 14, 2012. It is undisputed that, on May 24, 2012, Ms. Peterson's counsel reported to the General Sessions 24-hour Clerk's office at 6:16 p.m. and filed her notice of appeal. However, because the 24-hour Clerk's office does not accept the payment of any fees in civil matters, Ms. Peterson did not pay any bond whatsoever, cash or surety, at the time she filed her notice of appeal. Rather, she did not give "bond with good security" until May 25, 2013, which was eleven days after the judgment was entered in the General Sessions Court. Ms. Peterson does not deny these facts; rather, she attempts to excuse the late bond by comparison of this case to several others.

Appellant argues that this case is analogous to the case of ***Carter v. Batts***, 373 S.W.3d 547 (Tenn. Ct. App. 2011), *perm. app. denied* (Tenn. April 11, 2012). In ***Carter***, the appellant timely filed an appeal and paid the appeal bond; however, due to a miscommunication between the appellant's insurance carrier and her attorney, the check for the appeal bond was stopped and a second check was sent. ***Id***. The second check was returned to counsel by the General Sessions Court Clerk, with a note stating that all costs had been paid in full by the first check. ***Id***. Because the insurance carrier had stopped payment on its first check and the second check was returned, the General Sessions Court Clerk's office was not reimbursed for the costs of the appeal. ***Id***. Accordingly, we held:

> Although the two checks submitted by Allstate were never applied toward the costs of the appeal, the record clearly establishes that the general sessions court clerk paid the appeal bond to the circuit court clerk's office. Any mistake or misunderstanding between Allstate and the general sessions court clerk's office regarding the two checks does not affect the validity of the appeal. Therefore, we find that Batts met the

6

> requirements of Tennessee Code Annotated section 27-5-103
> once the circuit court clerk's office received payment on her
> behalf.

*Carter*, 373 S.W.3d at 551. The facts of this case are distinguishable from *Carter*. In *Carter*, the appellant timely perfected her appeal and paid her fees, but due to miscommunication, payment on one check was stopped and the other was returned. *Id*. This Court determined that the misunderstanding between the insurance provider and the General Sessions Court Clerk did not affect the validity of the appeal. *Id*. Here, there is no such misunderstanding. Rather, Ms. Peterson failed to timely pay any bond within ten days of the entry of the General Sessions Court's judgment.

Ms. Peterson further contends that the 24-hour clerk's office policy of requiring fees to be paid in the general session's civil clerk's office during normal business hours should entitle Appellant an opportunity to amend her appeal and to supply a bond with surety. In support of her contention, Ms. Peterson cites several Tennessee Supreme Court cases where appellants were given leave to amend their appeals. *See Frazier v. Biddle Auto Co.*, 198 S.W. 257 (Tenn. 1917); *Walker v. Aetna Casualty & Surety Co.*, 132 S.W.2d 219 (Tenn. 1939); *McAnally v. Stansell*, 150 S.W.2d 724 (Tenn. 1941); *Spencer v. Dixie Finance Co.*, 327 S.W.2d 301 (Tenn. 1959). In these cases, amendments to the appeal were allowed for various reasons such as the sureties not executing the bond, *McAnally*, 150 S.W.2d at 724, sureties not being listed on the bond, *Walker*, 132 S.W.2d at 220; *Frazier*, 198 S.W.2d at 257, and failure to formally pray to the Justice of the Peace for appeal. *Spencer*, 327 S.W.2d at 303. However, in all of the foregoing cases, the appeal bonds were actually timely filed. *See Spencer*, 327 S.W.2d at 302; *Frazier*, 198 S.W.2d at 257; *Walker*, 132 S.W.2d at 220 (stating that Defendant "duly executed its appeal bond"); *McAnally*, 150 S.W.2d at 377 (stating that "the warrant and the bond appear to have been duly filed."). The Tennessee Supreme Court granted leave to amend the appeal based on the idea that "[n]o civil case, originating before a justice of the peace and carried to a higher court, shall be dismissed by such court for any *informality* whatever, but shall be tried on its merits . . . ." *McAnally*, 150 S.W.2d at 725 (citing Section 10190, a predecessor of Tennessee Code Annotated Section 16-15-729) (emphasis added). Ms. Peterson argues that this framework should allow for an amendment of her own notice of appeal with the filing of a surety bond.

In addition, Ms. Peterson cites the case of *McCarver v. Jenkins*, 49 Tenn. 629, 1871 WL 3548 (Tenn. 1870). In *McCarver*, an appeal was granted even though the appeal bond was not executed during the prescribed period. *Id.* at 630. The Tennessee Supreme Court stated that "substantial compliance with the requirements of the law is sufficient to render the proceedings before this tribunal valid for all purposes." *Id*. However, the Court noted that "it does not affirmatively appear that the bond was not executed in time;" rather, parol

evidence is what indicates that it was not timely filed." *Id*. at 631. In this case, the surety bond states on its face that Appellant did not file her appeal bond until the eleventh day after the General Sessions Court's judgment was entered. Thus, the instant case is distinguishable from *McCarver*. Furthermore, "[i]n nearly every subsequent case . . . the holding in *McCarver* has been very narrowly construed." *City of Red Boiling Springs*, 777 S.W.2d at 706. In fact, we stated in *City of Red Boiling Springs* that "[w]e know of no case that says an appeal bond without surety filed in the circuit court substantially complies with the statutory provisions governing appeals from inferior courts." *Id*.

The foregoing cases supply little support for Appellant's position. In the first instance, we note that the foregoing cases predate the enactment of Tennessee Code Annotated Section 27-5-108, and the requirement to give bond with good security, and so are not controlling in the instant appeal. Furthermore, the foregoing cases are based on "informalities" in the appellants' respective appeals. However, it is well settled in Tennessee that failing to pay filing fees and file a surety bond within the ten-day time period is not an "informality" that would allow for the legislative preference that the case be "tried on the merits." Tenn. Code Ann. § 16-15-729.[3] Rather, this Court has held that "the requirement of a bond in order to perfect an appeal from an inferior court to the circuit court *is not a formality*. The appeal is not perfected without it." *City of Red Boiling Springs v. Whitley*, 777 S.W.2d 706, 708 (Tenn. Ct. App. 1989) (emphasis added). Furthermore, the ten-day requirement is "jurisdictional and cannot be waived." *Love v. College Level Assessment Serv.*, 928 S.W.2d 36, 38 (Tenn. 1996).

Ms. Peterson further argues that the fact that the General Sessions Court Clerk actually forwarded the appeal to the Circuit Court, where it was docketed, vests jurisdiction and "dictates that the appeal was perfected" under Tennessee Code Annotated Section 16-15-719, which provides: "An appeal bond returned with other papers to the circuit court is a conclusive presumption that an appeal was taken." The fallacy in Ms. Peterson's argument is that Section 16-15-719 does not speak to the perfection of an appeal. Rather, as set out and discussed above, Title 27, Chapter 5 of the Tennessee Code specifically governs "appeals from general sessions courts." Title 16, Chapter 15 covers "miscellaneous provisions," and does not specifically mention appeals from General Sessions Court to Circuit Court.

---

[3] Tennessee Code Annotated Section 16–15–729 provides:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

8

Ms. Peterson also relies upon statements made by Mike Triplett, then-manager of the General Sessions Criminal Court's 24-hour Clerk's Office. Specifically, and as set out in his affidavit, Mr. Triplett states that: "So long as all fees for appeals filed with the 24-hour clerk's office are satisfied by the end of the next business day at the General Sessions Civil Clerk's office . . . the appeal is perfected." Respectfully, Mr. Triplett's statement is incorrect, as it is not in compliance with Title 27, Chapter 5 of the Tennessee Code. The law is clear. The period in which to perfect an appeal is ten days. Tenn. Code Ann. §27-5-108(a). Furthermore, "'the requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality. The appeal is not perfected without it.'" *Bernatsky*, 2013 WL 593911, at \*19 (quoting *City of Red Boiling Springs*, 777 S.W.2d at 708). Like the case at bar, in the *City of Brentwood v. Roberts*, No. 01A01-9307-CV-00293, 1994 WL 164108 (Tenn. Ct. App. May 4, 1994), *perm. app. dismissed* (Tenn. Aug. 1, 1994), the appellant's attorney relied upon "advise of the city judge and the circuit court" when he gave informal surety at the bottom of his notice of appeal. *Id*. At 3–4. The Circuit Court dismissed the action for failure to file an appeal bond. *Id*. at 3. In affirming the dismissal, this Court stated:

> As to the reliance issue, counsel for the appellants does not cite any authority for the proposition that a failure to follow the statutory appeal procedures may be excused because counsel relied on someone else's advice. We would be very reluctant to establish such a precedent-even where the advice is given by public officers and involves matters pertaining to the officer's official duties.

*City of Brentwood*, 1994 WL 164108, at \*2. As in *City of Brentwood*, Ms. Peterson cites no relevant authority for the proposition that statements of a Court Clerk supercede state law. Moreover, our own review of current caselaw reveals no such holding that would allow for such an extension of time for an appeal upon erroneous statements of third-parties. In fact, contrary to Ms. Peterson's argument, Tennessee Code Annotated Section 16-15-719 does not impose a duty on the General Sessions Clerk in regard to appeal bonds. Rather, Section 16-15-719 simply provides that an appeal bond returned with other papers to the Circuit Court is a conclusive presumption that an appeal was taken. However, the fact that an appeal bond was filed does not mean that it was properly filed, or that an appeal has been properly perfected. Ms. Peterson asserts that it was the Clerk, Mr. Triplett's, error that resulted in the payment of fees and surety bond not being timely filed. We respectfully disagree. According to the affidavits in the record, the General Sessions 24-hour Criminal Clerk's Office does not accept fees of any kind for civil matters. Appellant does not dispute this fact, and does not indicate in the record that either she, or her attorney, was not aware of it. Accordingly, when Appellant (or her attorney) chose to file the appeal on the tenth day, in

9

the General Sessions 24-hour Criminal Clerk's Office, rather than during normal business hours in the General Sessions Civil Clerk's Office, she did so at her peril.

There is no ambiguity in Tennessee Code Annotated Section 27-5-108, which requires an appellant to perfect his or her appeal within ten days of the entry of the General Sessions Court's judgment. In order to perfect an appeal from General Sessions Court to Circuit Court, the appellant must file both a notice of appeal and a bond with good security within this ten-day period. *Carter*, 373 S.W.3d at 551 ("In order to properly perfect an appeal from general sessions court, the appealing party must file a notice of appeal and pay a [] bond within ten days of the general sessions court entering its final judgment."). Here, it is undisputed that Ms. Peterson failed to timely post a bond of any kind. Failure to do so is fatal to the appeal. As discussed in detail above, despite her best efforts, Ms. Peterson has provided no law or argument to justify excuse of her failure to timely pay the required fees. Because "the requirement of a bond in order to perfect an appeal from an inferior court to the circuit court is not a formality," *Bernatsky*, 2013 WL 593911, at *19 (internal citation omitted), "[t]he appeal is not perfected without it." *Id*. Likewise, amendments to the appeal are reserved to cure "informalities;" the surety bond requirement is not a formality, and therefore cannot be cured by such amendment. Furthermore, any misstatement made by the 24-hour Court Clerk regarding the timeliness of Appellant's filing is not a sufficient ground to excuse Appellant's failure to comply with the statutory requirements.

For the foregoing reasons, we affirm the order of the trial court, dismissing Ms. Peterson's appeal. The case is remanded for such further proceedings as may be necessary and are consistent with this Opinion. Costs of the appeal are assessed against the Appellant, Tonie V. Peterson, and her surety.

_____
J. STEVEN STAFFORD, JUDGE

10